GEORGE YOUNG *et al.*, Appellants, *v.* THE PEOPLE, Appellees.

APPEAL FROM KNOX.

If a recognizance recites that a person had been arrested and charged "with stealing from the store" of certain parties, it will sufficiently describe an offense to authorize a judgment upon a *scire facias.*

The same particularity and technical accuracy is not required on warrants, mittimuses and recognizances, as in indictments.

It will be intended that the language used, was not in reference to the personal manner of the party in leaving the store, but in reference to a crime committed.

ON the 20th day of May, 1854, the defendant, Young, and others, were brought before Charles Williams, a justice of the peace of Knox county, for the "crime of stealing from the store of J. B. F. Chesney, and the store of A. Lattimer, on the 17th day of April, and at other times in the months of April and May, 1854."

On the same day, the defendant, George Young, applied for a postponement of the examination of the case to the 22d day of May, which was granted, and he and Snyder entered into a recognizance to the people of the State of Illinois, in the sum of two hundred dollars. The following is the condition of said recognizance :

THE CONDITION OF THIS RECOGNIZANCE IS SUCH, That, whereas, the said George Young has been arrested and brought before the undersigned, charged with stealing from the store of J. B. F. Chesney, and the store of A. Lattimer, on the 17th day of April, 1854, and at other times in the month of April, A. D, 1854, and, whereas, the further examination of the said cause is postponed and continued until the 22d day of May, 1854, at 10 o'clock, A. M., before said justice, at his office in Abington: Now, if said George Young shall personally be and appear before said justice, at his said office in Abingdon, on said day, at said hour, and not

depart the court without leave, and abide the order of the court therein, then this recognizance shall be void, otherwise the same shall be in full force and virtue.

Subscribed to which is the following certificate of the justice:

Taken and acknowledged before me, this 20th day of May, A. D. 1854.

CHARLES WILLIAMS, J. P. [SEAL.]

Defendant Young did not appear.

The transcript is certified to by the magistrate, and returned to the Knox Circuit Court May 29th, 1854.

At the April term, 1855, of the Knox Circuit Court, the defendants were called, their default entered, and judgment rendered "against the said defendants for the amount mentioned in the said recognizance, together with the costs, and that *scire facias* be issued against the defendants, returnable to the next (September) term of said court."

At the September term, 1855, of said court, another order was made for the issue of a writ of *scire facias* to the defendants, returnable to the then next term.

The *scire facias* commands defendants to appear and "show cause why the people ought not to have execution against them for the said sum of money for which they are bound as aforesaid, according to the force, power and effect of their recognizance, and further to do and receive whatever shall be considered and adjudged against them in this behalf."

At the April term, 1856, on the return of the *scire facias*, the defendants appeared and filed a general demurrer to the writ, which the court, THOMPSON, Judge, presiding, overruled; the defendants abided their demurrer, and judgment was entered against the defendants for two hundred dollars and costs, and order for execution. Defendants prayed an appeal to this court.

H. W. WEAD and H. N. KEIGHTLY, for Appellant.

W. BUSHNELL, State's Attorney, and GOUDY and JUDD, for Appellees.

SCATES, C. J. The principal objection is, that an offense is not sufficiently set forth and described in the recognizance. The charge is for "stealing from the store of J. B. F. Chesney, and the store of A. Lattimer, on the 17th day of April, 1854, and at other times in the month of April, 1854."

It is contended that "stealing from the store" means, in a popular sense, going away from it privately—sneaking off—and the words are to be taken in *mitiori sensu,* when capable of two meanings. This may be true in slander and libel, though we should not wrest the sense, nor take the words out

of their connection, in order to get rid of the control that that connection exerts upon the sense.

The same particularity and technical accuracy is not required in warrants, mittimuses and recognizances, as is in indictments. This principle was fully recognized in the cases of *Besimer et al.* v. *The People*, 15 Ill. R. 440; *The People* v. *Blankman et al.*, 17 Wend. R. 252; *Fowler* v. *The Commonwealth*, 4 Mon. R. 128.

This principle is in nowise contravened by the case of *West* v. *The Commonwealth*, 3 J. J. Marsh. R. 641, for the offense of "gaming," there described, was not indictable by law; nor by *Thomas* v. *The People*, 13 Ill. R. 696, where the description of the offense does not appear in the report, but was held too general and indefinite.

We cannot here intend that the language was used in reference to the personal manner of the plaintiff in leaving the store, but in reference to larceny or felony. And this we do without infringement or relaxation of the rules applicable to indictments.

*Judgment affirmed.*