## Levi Compton *et al.*

*v.*

## The People of the State of Illinois.

1. Pleading—*general issue to scire facias.* The plea of *nul tiel record* to a *scire facias* on a forfeited recognizance amounts to a plea of the general issue, putting in issue the record of the recognizance and the declaration of its forfeiture.

2. Same — *carrying demurrer back.* Where a plea of the general issue is filed, a demurrer to another plea can not be carried back to the declaration.

3. Scire Facias — *is both process and pleading.* A *scire facias* on a forfeited recognizance supplies the place of both summons and declaration.

4. Same — *description of court in which recognizance was taken.* Where a *scire facias* recites that the defendants, "then and there, to wit," etc., "in open court," entered into the recognizance, this will sufficiently show it was entered into before the circuit court wherein the indictment was pending.

5. Same — *description of offense.* A recital in a *scire facias* that the principal cognizor was indicted "for the crime of selling liquor without license" will be held sufficient as a description of the offense, though it would be insufficient in an indictment.

6. Criminal law—*particularity of description.* The same particularity and technical accuracy are not required in warrants, *mittimuses,* and recognizances as in indictments.

7. Amendments and jeofails — *defects cured by verdict.* After verdict, on motion in arrest of judgment, a defective or imperfect statement of facts will be cured by the verdict.

Writ of Error to the Circuit Court of Lee County; the Hon. William W. Heaton, Judge, presiding.

This was a *scire facias* upon a recognizance to answer to an indictment.

The *scire facias* is as follows:

" *State of Illinois, Lee County, ss.:*

" The people of the State of Illinois, to the sheriff of said county, greeting :

" Whereas, at the May term, A. D. 1875, of the circuit court in said county of Lee and State aforesaid, Levi Compton was indicted by the grand jury having lawful authority, for the crime of selling liquor without license ; which said indictment was duly presented by said grand jury at said term, in open court, which then and there became a matter

of record; at which term of said court it was ordered by the said court that the said Levi Compton be held to bail in the sum of five hundred dollars, and recognizance for that amount required.

" And whereas, the said Levi Compton, as principal, and Joel Compton, as security, then and there, to wit, on the third day of June, A. D. 1875, in open court came and acknowledged themselves justly indebted unto the people of the State of Illinois in the penal sum of five hundred dollars lawful money of the United States, to be levied and collected out of the goods and chattels, lands and tenements of the said Levi Compton and Joel Compton, conditioned that if the above Levi Compton shall personally be and appear before the circuit court of said county on the 26th day of October, 1875, being the first day of the October term, A. D. 1875, and then and there answer and abide the order and judgment of said court touching the matter of indictment, then and in that case said recognizance shall become void, otherwise to remain in full force and virtue; and which said recognizance then and there became a matter of record," etc.

Defendants pleaded, first, *nul tiel record;* second, that they entered into no such recognizance.

A demurrer was overruled to the first and sustained to the second plea. There was an issue joined upon the first plea, and verdict thereon for plaintiff. Motions for a new trial and in arrest of judgment were overruled and excepted to, and judgment for plaintiff, from which defendants appealed.

It is assigned for error, first, that the demurrer to the second plea should have been carried back and sustained to the writ of *scire facias;* second, that the court erred in overruling the motion in arrest of judgment.

Mr. JOHN V. EUSTACE, for the plaintiffs in error.

Mr. JAMES K. EDSALL, Attorney General, for the People.
    12 — 86TH ILL.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The objections taken to the *scire facias* are, that it does not show that the recognizance was entered into before any officer or court authorized to take it; nor that it ever became a matter of record of the Lee circuit court; and that it does not recite that it was conditioned for the appearance of the principal cognizor to answer for any crime known to the law.

The point is made, on the part of the people, that the plea of *nul tiel record* in a proceeding by *scire facias* on a forfeited recognizance puts in issue the record of the recognizance and the declaration of its forfeiture, and that this amounts to a general issue ; that these records, when produced, prove every essential averment in the *scire facias;* that any plea that puts in issue the entire count is a general issue.

We are inclined to accept this view, and to hold that the demurrer should not, in this case, have been carried back to the *scire facias* — it being the well-settled doctrine of this court that, where a plea of the general issue is filed, a demurrer to another plea can not be carried back to the declaration. *Wear* v. *Jacksonville & Savannah R. R. Co.* 24 Ill. 593; *Wilson* v. *Myrick,* 26 id. 34; *Claycomb* v. *Munger,* 51 id. 373. The writ of *scire facias* here supplies the place of both summons and declaration.

As the recital in the *scire facias* is that the defendants, " then and there, to wit, on," etc., " in open court," entered into the recognizance, appellant's counsel says that " there " refers to the venue of the writ, Lee county; and " in open court " may mean the county court of that county. But any such construction we regard as a strained and unnatural one.

The *scire facias* throughout, as we view it, purports to recite that which was done and entered of record in the circuit court of Lee county, and we consider that the fair reading of it shows that the recognizance was taken by the

circuit court of Lee county in open court, and became a matter of record in that court.

The indictment the principal was recognized to answer, as recited in the *scire facias*, was "for the crime of selling liquor without license," and it is said that there is no such crime known to the law of this State. The language does not fully and technically describe the statutory offense in this regard, which is, selling intoxicating liquor in a less quantity than one gallon, not having a license to keep a dram-shop. But the same particularity and technical accuracy are not required in warrants, *mittimuses*, and recognizances as in indictments. *Young* v. *The People*, 18 Ill. 566; *Besimer* v. *The People*, 15 id. 440; *The People* v. *Meacham*, 74 id. 292. In each of these cases the language descriptive of the offense, in the recognizance, was insufficient, if contained in an indictment, to show an indictable offense under the statute, and equally deficient in that respect as is the description in the case at bar; yet it was held that it would be presumed the charge was for the statutory offense.

The authority of those decisions must overrule the objection here taken, especially so, after verdict, on motion in arrest of judgment, when a defective or imperfect statement of facts will be held to be cured by the verdict. 1 Chitty's Pl., 6th Am. ed., 712.

The judgment will be affirmed.

*Judgment affirmed.*