## NEWTON S. GAY

v.

## HENRY DEWERFF.

17  417
89  643

1. TRESPASS.—An action for false imprisonment by appellee where the general issue was filed by appellant with notice of special matters relied upon in the defense. It was objected that in the affidavit stated in the notice (Criminal Code, § 287) the words "when committed" were omitted after the word "offense," and hence that the affidavit failed to charge that a misdemeanor was committed by appellee. *Held*, that such objection is not tenable. The warrant shall state the offense by name or so that it can be clearly inferred. Technical accuracy is not required.

2. SAME—EVIDENCE IN JUSTIFICATION.—Where in such case appellant, under the notice above mentioned, offered in evidence, as a defense in his behalf, his affidavit and the original warrant named in said notice, together with the transcript of the justice's docket showing the trial, conviction and fine imposed upon appellee for the offense charged. *Held*, that it was error in the court to refuse to admit such evidence.

3. STATEMENT ON OATH NECESSARY.—If the magistrate has jurisdiction of the subject-matter and does not require a sufficient statement on oath of the party complaining, such party could not be guilty of trespass with force and arms.

4. CASE AND TRESPASS.—The statute abolishing the distinction between trespass and case does away with the technical distinction between the *forms* of action, but does not give any other *remedy* for acts done under the legal process of a court of competent jurisdiction than before existed.

APPEAL from the City Court of Alton; the Hon. A. H. GAMBRELL, Judge, presiding. Opinion filed November 27, 1885.

Messrs. BAKER & BAKER, for appellant.

Messrs. WISE & DAVIS and Mr. A. W. HOPE, for appellee.

GREEN, J.    This is a case of trespass *vi et armis*, brought by appellee against the appellant and two others (Charles H. Flick and Noah Cook) impleaded with him. The cause was taken by change of venue from the Madison Circuit Court to the City Court of Alton and there tried by a jury. A verdict for

plaintiff was rendered for $551 against Gay (the suit being dismissed as to the others). Gay moved for a new trial, but his motion was overruled and the court rendered judgment upon the verdict, from which judgment this appeal was taken. Plaintiff's declaration consisted of one count for trespass and false imprisonment. To this all the defendants filed their plea of not guilty with a notice thereunder, in substance, that defendants would prove on the trial that defendant Gay, on June 3, 1882, made affidavit before defendant Flick, a justice of the peace, that on May 4, 1882, and other days and times, before and afterward, in Madison county, Illinois, a violation of the laws of the State was committed by Henry DeWerff, by advising, counseling and encouraging infants under the age of ten years, being his children, to enter upon the lands of N. S. Gay, where there is growing wheat, after they and DeWerff were forbidden so to do, contrary to the statute, and that affiant has reasonable ground to and does believe that said DeWerff is guilty thereof; that on June 3, 1882, a warrant was issued by said justice and delivered to Noah Cook, a constable of the county, for the arrest of DeWerff to answer said charge before the justice; that Cook read the warrant to DeWerff, who thereupon went before the justice to answer said charge, and after hearing the evidence, said justice found DeWerff guilty thereof and fined him three dollars and costs, as provided by the laws of this State.

The justification afforded defendants by the facts stated in the notice is based upon the right, claimed under the statute, to make such complaint, under it issue a warrant, make the arrest of DeWerff, convict and fine him. Sec. 381 Crim. Code provides that justices of the peace shall have original jurisdiction in all cases of misdemeanor where the punishment is by fine only, not exceeding $200.

Sec. 266 provides that whoever willfully enters and passes over any garden, yard or improved field after being expressly forbidden so to do, by the owner or occupant thereof, shall be fined not exceeding $5.

Sec. 287 provides that any person counseling, advising or

encouraging an infant under the age of ten years, lunatic or idiot, to commit any offense, shall be prosecuted for such an offense, when committed as principal, and, if found guilty, shall suffer the same punishment that would have been inflicted on such person counseling, etc., had he committed the offense directly.

Under these provisions of the statute fairly construed, we think enough was stated in the notice to show that the justice had jurisdiction.   The criticism made by counsel for appellee upon the affidavit stated in the notice is that the words " *when committed* " are omitted after the word " offense," and hence the affidavit fails to charge that a misdemeanor was committed by DeWerff ; but it will be seen by referring to the same chapter of the statute, section 359, that a prisoner shall not be discharged on account of any insufficiency or informality in the complaint, or on account of any informality in the warrant; and in section 349, among other things, is provided " the warrant shall state the offense by name, or so that it can be clearly inferred."   Technical accuracy is not required either in the complaint or warrant in such cases.   Young v. The People, 18 Ill. 566;  Besimer v. The People, 15 Ill. 439;  People v. Meacham, 74 Ill. 292.

On the trial of the cause, the plaintiff having proved that Noah Cook arrested and took him to the office of Fleck (which arrest and detention was the trespass and false imprisonment complained of), defendant, Gay, under the notice mentioned, offered in evidence as a defense in his behalf his affidavit and the original warrant named in said notice, together with the transcript of the justice's docket, showing the trial, conviction and fine imposed upon DeWerff for the offense charged.   This evidence was competent and material, and tended to prove the defense of justification set up in the notice, but the court below refused to admit it and erred in so ruling.   Even if Gay's affidavit had been defective this evidence was competent and material; " if the magistrate has jurisdiction of the subject-matter and does not require a sufficient statement on oath of the party complaining, such party could not be guilty of trespass with force and arms."   Out-

law v. Davis et al., 27 Ill. 467; Bassett v. Bratton, 86 Ill. 152, and cases there cited.

Counsel for appellee suggests that the distinction between trespass and case having been abolished in this State by statute, and that some evidence in the trial below tended to show that Gay prosecuted DeWerff maliciously, therefore for this malicious prosecution the latter could recover under his declaration in trespass.   Even if the facts proven had established a malicious prosecution of DeWerff as suggested, the law is not as counsel for appellee claims.   The construction of this statute given by our Supreme Court and by the appellate court in this State, is that this provision of the statute does away with the technical distinction between the *forms* of action, but does not give any other *remedy* for acts done under the legal process of a court of competent jurisdiction than before existed, viz., an action on the ground of malice and want of probable cause; also that counts in trespass and in case may be joined in one declaration and the action be called trespass or case, but the count in case must contain all the elements necessary to make a good cause of action in case, and the count in trespass in like manner must contain all the elements to make a good cause of action in trespass; also that the rule, in all actions the proof must correspond with the allegations, is not repealed by the statute.   Blacklock v. Randall, 76 Ill. 224; St. Louis, V. & T. H. R. R. Co. v. Town of Summit, 3 Bradwell, 160.

There being no count in case in the declaration of plaintiff below, and the construction given the statute being as stated, the suggestion of appellee's counsel as to the right of appellee to recover under his declaration for a cause of action in case is not in harmony with or supported by authority.

In addition to the error committed in rejecting the evidence offered by defendant under the notice, the court below also erred in overruling appellant's motion for a new trial and rendering judgment on the verdict.   There was no competent evidence introduced on the trial below to show that appellant, Gay, had anything to do with the arrest or detention of appellee complained of.   All the hearsay evidence touching

Gay's orders or direction as to the arrest was ruled out by the court in the first instruction given the jury for plaintiff below, and the affidavit, warrant and transcript of the justice were also rejected as evidence, so that it only appears by the evidence in the record that Cook arrested DeWerff and took him before Flick who fined him for some offense. That Gay participated in any manner in this arrest and detention of DeWerff does not appear, and in this state of the evidence the plaintiff below was not entitled to recover under his declaration.

It is insisted, however, by counsel for appellee, that it is not shown by the record that the bill of exceptions contains all the evidence, and therefore the judgment below should be affirmed. We have examined as to this matter, and find in the bill of exceptions in the record, at the conclusion of the evidence therein set forth, these words: "This is all the evidence given in the trial." We think these words sufficiently advise us that the evidence preceding them was all the evidence introduced by the parties to the suit on the trial thereof.

For the errors of the court below in refusing to admit the evidence offered by appellant on the trial under the notice, and in overruling the motion for new trial and rendering judgment against appellant on the verdict, the judgment of the court below is reversed and the cause remanded.