### Eugene S. Pike and Howard Shaw v. George Heinzmann.

1. PRACTICE—*Joinder of Actions in Trespass and Case.*—Since the
abolition of the distinction between the actions of trespass and trespass
on the case, counts in trespass and in case may be properly joined in
the same declaration.

2. STATUTES—*Construction of the Act Abolishing the Distinction
Between Trespass and Trespass on the Case.*—The statute has abolished
the distinction between the actions of trespass and trespass on the case,
but it has not affected the substantial rights and liabilities of the par-
ties. The settled rules of pleading and evidence remain essentially the
same as before.

3. TRESPASSER—*When One Is Not a Trespasser ab Initio.*—For a
trespass to person or property, committed after a rightful entry made
in a lawful manner, no recovery can be had under a count in trespass
*quare clausum fregit;* and when the entry is rightful and done without
an abuse of the right, a subsequent wrong will not render the entry
itself illegal and make it a trespass *ab initio.*

Trespass on the Case.—Appeal from the Superior Court of Cook
County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the
Branch Appellate Court at the October term, 1899. Reversed and re-
manded. Opinion filed June 19, 1900.

PIKE & GADE, attorneys for appellants.

A person having the right of entry on land is not liable in trespass *quare clausum fregit* for entering against the will of the person in possession. Kingsbury v. Pond, 3 N. H. 511; Harris v. Gellingham, 6 N. H. 9; Yeates v. Allin, 2 Dana (Ky.), 134; Bentley v. Sill, 35 Ill. 414; 26 Amer. & Eng. Encl. 546; Wallis v. Harrison, 4 Mees. & W. 538; Ropps v. Barker, 4 Pick. 239; Taylor v. Cole, 3 D. & E. 292.

Where an entry is permitted by an occupant, a wrong, subsequent to the entry, does not render it a trespass *ab initio*, and if excesses are afterward committed either to the person or personal property, a recovery can not be had in an action of trespass *quare clausum fregit*. Carpenter's Case, 8 Cook, 146; Allan v. Crofoot, 5 Wend. 506; Page et al. v. De Puy, 40 Ill. 506; Murray v. Gibson, 21 Ill. App. 488.

J. HENRY KRAFT, attorney for appellee.

By section 22, chapter 110 of Hurd's Revised Statutes of Illinois it is enacted :

" The distinctions between the actions of ' trespass ' and ' trespass on the case ' are hereby abolished; and in all cases where trespass or trespass on the case has been heretofore the appropriate form of action, either of said forms may be used, as the party bringing the action may elect."

The following authorities also have bearing upon this subject : Krug v. Ward, 77 Ill. 603; Barker v. Koozier, 80 Ill. 205; Blalock v. Randall, 76 Ill. 224.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This suit was begun in trespass on the case. The declaration consisted of two counts, one in trespass and the other in case. Since the abolition, by the statute, of the distinction between actions of trespass and trespass on the case, a count in trespass and one in case may be properly joined in a declaration filed in a suit begun in either form. Blalock v. Randall, 76 Ill. 224; Krug v. Ward, 77 Ill. 603; Barker v. Koozier, 80 Ill. 205; St. Louis, Vandalia, etc. R. R. Co. v. Town of Summit, 3 Ill. App. 155; Gay v. DeWerff, 17 Ill. App. 417.

But though the statute has done away with the technical distinction between the two forms of action, it has not affected the substantial rights and liabilities of parties.

Although it is no longer material which name or form is given to the action, the settled rules of pleading and evidence remain essentially the same as before the statute.

A count in case must still contain all the elements necessary to state a good cause of action in case, and a count in trespass must, in like manner, contain all the elements necessary to state a good cause of action in trespass, and, as applied to either count, the pleading must be supported by the proofs. (See above cited cases.)

The first count of the declaration is in trespass *quare clausum fregit.*

This count could only be sustained by showing an unlawful entry into the premises. Appellants' first special plea justified the entry under the terms of a party-wall contract, and appellee by his replication admitted the making and execution of such contract in manner and form as set forth in said first special plea, but he nevertheless insists upon his right to recover for the trespass and damage claimed by him to have been committed by the act of entry and subsequent thereto, because of the claimed wrongful manner of entering, whereby, as appellee argues, the appellants became trespassers *ab initio.* The party-wall contract gave to appellants, by true construction, if not in precise terms, the plain right to enter upon the premises occupied by appellee, for the purpose for which the entry was made; and a most attentive consideration of the evidence convinces us, beyond doubt, that there was no abuse committed by the appellants in the making of the entry itself, either in the removal of the wall or in the substitution of new and additional foundations and wall, or otherwise, even if we omit consideration of all evidence that tends to show appellee's express assent to such doing. Field v. Leiter, 118 Ill. 17. Appellants, therefore, having the certain legal right of entry, and exercising it in a lawful manner, there can be no recovery of damages against them under the

count in trespass *quare clausum fregit.* It is a gross solecism to say that a man may not do in a lawful manner that which he has a lawful right to do. All, by way of recoverable damage, that any of the evidence tends to show is because of trespasses and damage committed after the rightful entry was made, and we do not mean to be understood as holding that there can be no recovery for such, if properly established under appropriate pleadings, but only that there can be none under a count in trespass *quare clausum fregit.*

It is settled that for trespasses to person or property, committed after a rightful entry made in a lawful manner, no recovery can be had under such a count. And when the entry was rightful, and done without an abuse of the right, as in this case, a subsequent wrong, if any, committed by the appellants, would not render the entry itself illegal and make it a trespass *ab initio.* Page v. DePuy, 40 Ill. 506.

The instructions in behalf of the appellee which state that the law is at variance with the rule above enunciated, concerning trespasses committed subsequent to the entry by the appellants, were erroneous.

What we have said sufficiently disposes of all right of appellee to recover under his first count.

The second and only other count of the declaration is in case, and alleges as the ground of recovery, an unlawful obstructing and blocking, by lumber and stones, etc., by appellants, of the sidewalk and street immediately south of and adjoining appellee's premises, so that it was difficult and dangerous for people to pass by, or on or over the sidewalk and street, whereby appellee lost his customers, and his business was greatly injured.

If there is sufficient evidence in the record to sustain the verdict under the second count it has not been pointed out, and we have been unable to find it.

A large number of other questions have been argued which we do not think our duty requires us to take time to consider.

It is enough now to decide that there can be no recovery

by appellee, under the first count of his declaration, for the damages which the evidence in his behalf tends to show he has sustained; and that there is not sufficient evidence in support of his second count to sustain the verdict, if any recovery thereunder may be had.

We will assume that before another trial is had, all necessary pleadings will be tendered and permitted in order to secure the rights of the respective parties.

The judgment is reversed and the cause remanded.