**The People of the State of Illinois, Defendant in Error, v. Jacob Levin et al., Plaintiffs in Error.**

**Gen. No. 15,162.**

RECOGNIZANCES—*who may take in criminal cases.* Notwithstanding it may not appear that the crime charged was committed within the territorial jurisdiction of the city of Chicago, a judge of the Municipal Court of Chicago has authority under the Criminal Code to take a recognizance for the appearance of the accused in the proper court.

Error to the Criminal Court of Cook county; the Hon. GEORGE KERSTEN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed January 13, 1911.

EDWARD H. MORRIS, for plaintiffs in error.

JOHN E. W. WAYMAN, for defendant in error.

MR. PRESIDING JUSTICE MACK delivered the opinion of the court.

Plaintiffs in error are principal and surety in a recognizance taken by a Judge of the Municipal Court, after commitment to jail, conditioned on appearance in the Criminal Court. On the call of the case after indictment, the recognizance was forfeited for failure to appear, and the judgment of forfeiture was subsequently made absolute after default by both defendants on a *scire facias* issued out of the Criminal Court and served by reading to one defendant

and returned as to the other defendant, "the other within named defendant not found in my county."

No brief has been filed on behalf of defendant in error. We have carefully considered the brief of plaintiffs in error and cannot concur in the views therein expressed.

1st. Whether or not the Municipal Court in February, 1907, had jurisdiction in preliminary examinations is immaterial. Under the Criminal Code, R. S., ch. 38, div. III, sec. 6, "any judge" could take a recognizance in the case of a person committed to jail on a criminal charge. While the Municipal Court had no jurisdiction, under the Municipal Court Act, to try a criminal case unless it appeared in the record that the crime was committed in Chicago, a judge of that or any other State court could, under the Criminal Code, take a recognizance for the appearance of the accused in the proper court.

2nd. The charge need not be set out in the recognizance or in the writ with the particularity necessary in an indictment; it is sufficient if it identifies the offense. In our judgment the charge of "harboring a female under 18 years of age in a house of prostitution," identifies the offense covered by the Act of June 3, 1889, sec. 3 (Laws of 1889, p. 112; Hurd R. S., ed. of 1909, p. 763, sec. 57d), at least as fully as do the words, "stealing from the store" of X identify the charge of larceny. Young v. People, 18 Ill. 566. Or the words, "the crime of selling liquor without license," identify the offense of selling intoxicating liquor in a less quantity than one gallon, not having a license to keep a dramshop. Compton v. People, 86 Ill. 176. Especially is this so on writ of error after default. Compton v. People, *supra.*

3rd. The return of the sheriff satisfies, in our judgment, the statutory requirement that "in case the person cannot be found by the sheriff, he shall make return of that fact to the court."

*Affirmed.*