OPINION of the Court, by
Judge Boyle.
In bar of an indictment for an assault and battery, the defendants in the circuit court, (who are plaintiffs here) pleaded a former conviction for the same offence, nil-der the act of assembly made in relation to riots, &c. but they allege that by reason of the death of the justice before whom judgment of the conviction was rendered, they are unable to exhibit with their plea, the record thereof, and conclude with a verification. The attorney for the commonwealth replies, that there is no such record of a former conviction,'and concludes in these words : “ wherefore, for want of a sufficient plea, the said attorney on behalf of the commonwealth, prays judgment,” &c. On this state of the pleadings a jury ’nil i - r i Q ” i was empanne lied and sworn to try the issue, who returned the fallowing verdict: u We, of the jury, find the de-fendauts guilty of the charge contained in the indictment, and do ascertain and determine that they make their fine to the commonwealth, in the sum of one hundred and twenty dollars.” Upon which verdict, judgment was rendered by the court for the fine assessed.
The first error assigned is, that the answer to the plea is neither a replication nor demurrer, but partakes of the character ofboth. If to be considered as either, the conclusion ought to have been to the court, not to the country.
So far as the objection taken in this assignment goes to the conclusion of the replication, it is not warranted by the record ; the conclusion being in fact to the court, and apt to the country. The objection to the duplicity *518 of the character of the replication, seems to be predicated upon the expression “ for want of a sufficient plea.”
This expression may however be rejected as mere surplusage, more especially as there was no demurrer to the replication.. The answer to the plea, would then stand as a regular replication of nul tiel record, to which the defendants, according to the aneienc practice, might have rejoined that there was such a record, and had a day given them to bring it in — -1 S,,und. 92, 2 Salk, 56S. But according to the more modern, and certainly much the better practice, nultiel record is considered as making a complete issue, and to avoid prolixity it is usual to give at the end of such a replication, a day t® the defendants to produce the record — -2 Wils. 113, Sandford vs. Rogers, William’s notes to 1 Saund. 92. But in whatever manner the issue is made up, a day must be give» to the defendant to produce the record, and if the record is not brought into court on the day, judgment of failure of record is given by the court, In this case, there was no day given to the defendants to produce the record, nor any judgment of failure of record given by the court, in which respects the proceedings are deemed erroneous.
It was also erroneous to have tried the issue by the jury, instead of the courts deciding it by the record. These objections are embraced by the 3d and 4th assignments of error,
Wherefore it is considered by the court, that the judgment of the circuit court be reversed, and that the cause be remanded to the said court for new proceedings to be had therein, to commence at the end of the replication. *

 The court dire&ed no coils to be given5 as the profecaüor W23 ct. .r.it.d a party to the writ of error.