*334 OPINION of the Court, by
Ch. J. Boyee.
This was a warrant for a forcible detainer, brought by one of several co-heirs of the lessor, against the assignee of the lessees.
It would certainly have been more regular for the other heirs to have joined, but their not having done so is bht matter of abatement; and it is plain from the provisions of the act of assembly giving this remedy for the restitution of the possession of lands, that mere matter of abatement is not an available defence : for there is not only no mode pointed out by which advantage might be taken of it, but the proceedings required to be had before the justice of the peace, as well as the nature of the issue, made up by a traverse of the inquisition, evidently excludes all inquiry into matters which operate in abatement only.
We are, however, of opinion that the plaintiff could hot maintain the warrant in this case without *335 áhéwlig that the repairs made upon the premises by thé lessees, if of greater value than the amount of the rent which had accrued, was previously paid for by him : for the term waS to continue until the repairs were paid for out of the rent, subject however to the condition, that the lessor should, if the repairs exceeded one year’s rent, “ have his option either to let the term continue or pay the overplus.” It was only by paying the overplus, therefore, that the term Could be made to expire before the rent should amount to a sum equal to the value of the repairs; and unless the term had expired the warrant could not bé maintained.
The court below, having decided this point otherwise, their decision is erroneous.
Judgment reversed, &c.