Judge Mills
delivered the Opinion of the Court.
John Alexander, the appellant, issued his warrant 0f forcible entry and detainer against Peter Reed and Susanna Myers, which came by a traverse into the circuit court. On the trial it was proved that Susanna Myers was married, but that her husband bad forsaken her some twelve or fifteen years since, and now resided in the state of Indiana, and that Peter Reed lived with her in a supposed state of adultery, and in the language of the neighborhood, was said rather to live with her, than she with him, and that she lived near the premises in contest, and Peter Reed and two of her sons, who were minors, and acted under her direction, committed the fores:» ble entry complained of in the warrant.
The court below, on the motion of the appellees, instructed the jury as in case of a non suit, because ^ jjugband of the said Susanna was not joined in the warrant, and this presents the question for our revision.
The decision of the circuit court cannot be sustainedj for if it be admitted that Susanna Myers could not be convicted of the force unless her husband was joined, or that he ought to have been sued’ alone for the force, which she had committed, it does not follow that in this case, which is evidently founded in tort, the plaintiff must be turned.cntirely 0Uj- 0f court, and that Peter Reed could not have been convicted. For in all civil cases in tort merely, if the plaintiff joins defendants not guilty, or brings his action against those of whom he cannot recover, he may recover against others who are • i i ii v rightful!}' SUCu.
But it cannot be admitted that the motion ought bave prevailed as to Susanna Myers. For if it be conceded that she could not be removed from the land, until her husband who resided in another state cou^ be reached, (which seems absurd,) the matter on which she relied was matter of abatement only.
In this action as in others, coverture of A defendant Sc other matters in abatement must be so pleaded, and after issue joined on, the traverse cannot be enquired into.
Triplett for plaintiff) Mayes for defendants.
Taking this proceeding as a civil action for a tort, It must be set out at the proper hour by plea in abatement, 1 Chitt. 437, and according to the decision of this court, in the case of Jones vs. Overton, 4 Bibb, 334, after issue is made by a traverse of the inquisition, an enquiry into matters which operate in abatement only are excluded.
The judgment must, therefore, be reversed with costs, and the verdict be set aside and the cause be remanded, for further proceedings, not inconsistent with this opinion.