Chief Justice Robertson
delivered the Opinion of the Court.
This case presents three questions.
First. Upon a traverse to an inquisition for a forcible entry, Boucher, who was traversee ancl the defendant in the warrant, pleaded that the traversor had once before proceeded against him for the same forcible entry ; that his warrant had been quashed before this case was commenced in the country ; that, afterwards, a writ of error, with a supersedeas, was prosecuted to this court, and was still pending. Williamson, the traversor, replied, that there was no record of any such writ of error ; and an issue was thereupon concluded to the country. A jury, sworn to try that issue, found for Williamson ; but the court set aside the finding. That, was right.; because, had the plea been good, the court, and not the jury, was the proper tribunal for trying the issue.
Second. But the plea was insufficient and inappropriate. Could it be admitted that an original suit could, be abated by another suit which was not pending, when the former was instituted, or by a writ of error at any time, still, it has been decided, that matter in abatement can. not be pleaded in such a proceeding as this, Jones vs. Overton, 4 Bibb, 334. Upon a traverse, no advantage can be taken o,f the initiatory proceedings in the country; and the issue prescribed for the trial in the circuit court is, whether or not the inquisition be true. If two cases for the same wrong be pending at the same time, an election might be directed. But neither of the suits should be abated. Pleas in abatement are unsuitable to the object and character of a procedure which was instituted *228 for summary and preventive justice, by placing parties in statu quo, until their rights shall have been properly sought or settled.
Whether one man, or another, was in the actual possession of land, at a particular time, is a question of fact, to be decided by a jury-to whom all the facts and circumstances, in proof, should bo submitted, without inslruc-lions as to the inference they may draw from any particular fact.
Third. Whether Williamson, or his tenant, Allin, or Boucher, was in the actual possession of the field in contest at the time of the alleged entry, was a matter of deduction from facts somewhat vague and indeterminate. If Allin was their so possessed, the landlord could not maintain his writ; and if neither of them was in the actual possession, there was no forcible entry upon either of them. Allin, as the tenant of Williamson, had cultivated the field-during the year which hod just endec/, and notified his landlord that he might take possession of it. But, a few day's prior to that notification, Boucher, who had leased the field from one Lee, had hauled and thrown upon it some logs for building a cabin, which he forthwith proceeded to erect and to occupy.
The circuit court instructed the jury, that the hauling of the logs and the placing of them in the field was not evidence of an actual possession of the field by Boucher.
Whether the acts, thus stated, constituted an actual possession of the field, was a question of fact, for tire jury, and not of law, for the court, to decide. The lease, the object of Boucher in hauling and depositing the house logs, and his acts of dominion over the field, might indicate an intention to use the field as his own, under his lease ; and if such was his intention, he should be deemed to have been in the actual possession of the field, unless some other person was actually possessed, and had not been, by his acts, dissiezed. If there was any such disseizin, no subsequent act of tbe disseizor, whilst in ■possession, could have amounted to a forcible entry j and for the disseizin itself, the person actually disseized could alone maintain a warrant for restitution.
In determining whether Williamson was entitled to restitution, it was material to ascertain who was in the actual possession of the field when Boucher first entered, and also whether he was in possession when he hauled the logs. And whatever may be the proper deductions from the facts, the jury had a right to consider them all, *229 and thence draw their own conclusions, without any such restriction as that which was imposed by the court.
Wherefore, the judgment against Boucher must be reversed, and the cause remanded for a new trial.