THOMAS SPEER, Plaintiff in Error, v. R. SOLON CRAIG, Defendant in Error.

ERROR TO COOK COUNTY COURT OF COMMON PLEAS.

Where a declaration only sets out an indorsement in substance, there is not any variance if the declaration calls the indorsee R. Solon Craig, and the indorsement R. S. Craig.

ASSUMPSIT upon a promissory note, made October 10, 1857, by Samuel A. Hatch and Thomas Speer, for $813.48, payable to John Craig. Indorsed to R. S. Craig. The declaration is filed in the name of *R. Solon Craig*. Plea non-assumpsit, and sworn to. In the descriptive allegation relating to the indorsement, it is simply stated that John Craig indorsed the note to the *plaintiff*.

Errors assigned :

The court erred in admitting the note and indorsement in evidence.

The court erred in not excluding the note and indorsement from the jury.

R. S. BLACKWELL, for Plaintiff in Error.

C. BECKWITH, for Defendant in Error.

CATON, C. J. The declaration in this case is by R. Solon Craig as plaintiff against Hatch and Speer. Speer alone was served with process and pleaded non-assumpsit. The declaration avers that the defendants made their note, giving date and amount and when payable, by which they promised to pay to the order of John Craig, etc., and that afterwards the payee indorsed the note to the plaintiff. Upon the trial, the note as described was introduced in evidence and the indorsement by the payee, as follows : " For value received I transfer the within note to R. S. Craig," and it is objected that this was a variance from the indorsement described in the declaration. The declaration pretends to set out nothing but the substance of the indorsement, without pretending to give a description of the form. It does not pretend to say by what name, description, addition or designation, the order to pay to the plaintiff was made. Had the declaration averred that the payee had indorsed it to the plaintiff by the designation aforesaid, or by the name of R. Solon Craig, then there would have been a variance. As it was, there was the simple question of fact to be determined

whether the note was really indorsed to the plaintiff by any name or description. The court found that it was, and we think properly.

The judgment must be affirmed.

*Judgment affirmed.*