40 | 359
178 | 553

# J. LEWIS LEE *et al.*

## *v.*

# EDWARD MENDEL.

1. PLEADING AND EVIDENCE—*of the state of the pleadings under which an instrument signed by the initial of the christian name is admissible.* When a defendant who is sued as the maker of a written instrument, does not file a plea denying its execution under oath, and on the trial the contract described in the declaration is offered in evidence, with the christian name of the defendant signed only by its initial letter, it is admissible even without an averment in the declaration that the defendant signed by the initial letter of his name.

2. In such a case there is no variance between the instrument offered in evidence and the declaration unless the declaration contains descriptive averments.

3. PRESUMPTION *in such case.* In such a state of case, the court may presume the initial letter is an abbreviation of the defendant's christian name, because by his pleading he admits the execution of the contract.

4. PRESUMPTION *where the name is different.* If the instrument offered in evidence bears a really different name, as that of John instead of William, of course no such presumption could be indulged.

5. FILING A COPY *of the instrument sued on with the declaration—what constitutes such copy.* Where a party is sued as a guarantor of a promissory note, and a copy of the note is filed, with the name of the defendant as indorser, this is a sufficient copy of the instrument sued on.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

This was an action of assumpsit, brought in the court below by Edward Mendel against J. Lewis Lee and Charles W. Clayton, upon an alleged guaranty of the following promissory note:

"$2,667.47.

"Cʜɪᴄᴀɢᴏ, January 2, 1862.

" Six months after date I promise to pay to Edward Mendel or bearer twenty-six hundred, sixty-seven 47-100 dollars, for value received, with interest at six per cent.

"(Signed)　　　　　　　　　　P. B. ROBERTS."

Upon the back of this note, appears :

" J. Lᴇᴡɪs Lᴇᴇ,
" C. W. Cʟᴀʏᴛᴏɴ.

The declaration contained four counts, all substantially alleging that the defendants guarantied the note by writing their names on the back thereof before its delivery to the payee ; but there was no averment that the guaranty declared on was made by the defendant Clayton by the name and style of " C. W. Clayton." The declaration also contained the common counts. A copy of the note, with the names of the defendants written thereon, in the form above given, was filed with the declaration.

The defendants asked a rule upon the plaintiff to file a copy of the contract of guaranty sued upon, which the court refused, and exception was taken.

The cause proceeded to trial on the general issue, when the note was presented, with the following guaranty written over the names of the defendants : " We guaranty the payment of the within note at maturity."

This evidence was objected to by the defendants, upon the. alleged ground that there was no averment in the declaration under which an instrument signed by the name of " C. W. Clayton " could be given in evidence. The court overruled the objection, and the defendants excepted. There was a finding and judgment for the plaintiff. The cause is brought to this court by the defendants by appeal, who allege : First, the court erred in overruling the motion of the defendants for a copy of the contract of guaranty sued on, and second, in admitting improper and incompetent testimony for the plaintiff, against the objections of the defendants.

Messrs. BONNEY & GRIGGS, for the appellants.

Mr. WILLIAM A. PORTER, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

When a defendant who is sued as the maker of a written contract, does not file a plea denying its execution under oath, and on the trial the contract described in the declaration is offered in evidence, with the christian name of the defendant, signed only by its initial letter, it is admissible even without an averment in the declaration that the defendant signed by the initial of his christian name. In such a case there is no variance between the instrument offered in evidence and the declaration unless the declaration contains descriptive averments. *Speer* v. *Craig,* 22 Ill. 433; *Pickney* v. *Pulsifer,* 4 Gilm. 79; *Greathouse* v. *Kipp,* 3 Scam. 371. This rule does not conflict with the case of *Rives* v. *Marrs,* 25 Ill. 316, where the averment was of a descriptive character, nor with the case of *Hurd* v. *Curtis,* 18 Ill. 188, where there was a variance in the surname. But when the initial letter of the christian name is used, as is so common among all classes, the latter is not to be regarded as a variance, that is, as another name, or the name of another person, but simply as an abbreviation of the full name of the defendant, and the court may presume it to be such abbreviation, because the defendant by his pleading has admitted the execution of the contract. If the instrument offered in evidence bears a really different name, as that of John instead of William, of course no such presumption can be indulged.

It is also objected in this case, that a copy of the instrument sued on was not filed with the declaration. The defendants were sued as the guarantors of a note, and the declaration averred that they guarantied it by writing their names on the back thereof before its delivery and acceptance. Appended to the declaration was a copy of the note with the names of the defendants as indorsers. This was a sufficient copy of the instrument sued on. The blank over their names could be

filled up at the trial. Their legal liability arose from the mere placing of their names on the back of the note before its delivery.

*Judgment affirmed.*