CASE 44—FORCIBLE ENTRY AND DETAINER—OCTOBER 5.

## Taylor and Speed v. Monohan.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. THE RELATION OF LANDLORD AND TENANT SHOULD APPEAR.
    In a warrant for forcibly entering and forcibly detaining the premises the relation of landlord and tenant should be alleged, or in some form appear on the face of the warrant. (Powers, &c. v. Sutherland, 1 Duvall, 151; Civil Code, section 500.)
2. On the trial of a traverse the circuit court should quash the warrant on motion of the traversor, on the ground that the relation of landlord and tenant did not appear on the face of the warrant.

W. R. THOMPSON, . . . . . . . . For Appellants,

CITED

Act of January, 15, 1867, 1 Session Acts, page 5.
1 Duvall, 151, Powers v. Sutherland.
2 Metcalfe, 419, Tucker v. Phillips.
5 Monroe, 18, Prewitt v. Durham.        3 Bibb, 74.
1 Session Acts, 1853-4, page 56.        5 Dana, 125.
2 Session Acts, 1869, page 19.        10 B. Monroe, 50.

I. & J. CALDWELL, . ⎫
HAGAN & DUPUY, . ⎬ . . . . . . . . For Appellee,
                    ⎭
CITED
Civil Code, sections 500, 502, 509.
3 Littell, 397, Wall v. Nelson.
4 Metcalfe, 308, Belcher v. Barrett.
1 Duvall, 153, Powers v. Sutherland.

Taylor and Speed v. Monohan.

| | |
|---|---|
| 4 Bibb, 426, Henry v. Clark. | 14 B. Monroe, 47. |
| 4 Bibb, 388, Brownfield v. Reynolds. | 3 Marshall, 344. |
| 7 Dana, 433, Stith v. Jones. | 4 Bibb, 312. |
| 3 Littell, 297, Moore v. Massie. | 4 Bibb, 192. |
| 3 Littell, 186, Mattox v. Helm. | 1 J. J. Marshall, 38. |

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT.

The appellant Taylor, having taken possession of a lot of ground in the city of Louisville, made some improvements upon it, and put the appellant Speed in possession of it as his tenant. The appellee instituted this proceeding against them both for the recovery of the possession of the premises, by a writ charging them both with forcibly entering and forcibly detaining the premises, but without alleging that he was in the peaceable possession of the premises or that the defendants were his tenants in either exact or substantial conformity to the form prescribed in section 502 of the Civil Code of Practice.

On the trial of the warrant the jury found "the defendants guilty of the forcible entry and forcible detainer as charged," and that inquisition was traversed by the defendants.

On the trial in the court of common pleas the traversors moved the court to quash the warrant, but the motion was overruled; and the trial resulted in a verdict that the inquest was true, and a judgment for the plaintiff, from which the traversors have appealed to this court.

The first question presented in the argument for the appellants, and the only one it will be necessary to decide, is as to the correctness of the action of the court in refusing to quash the warrant.

Section 500 of the Civil Code is as follows: "A forcible entry, in the meaning of this chapter, is an entry into lands or tenements without the consent of the person having the possession, in fact, of the premises. A forcible detainer is the refusal of a tenant to surrender to his landlord the land or tenements demised after the expiration of his term, or

of a tenant at will after the determination of the will of the landlord."

. Under this section of the Code this court, in Powers, &c. v. Sutherland, 1 Duvall, 151, held, in substance and effect, that a warrant for forcible detainer which disclosed no interest nor right to the possession of the premises in the plaintiff was fatally defective; and that to maintain a proceeding for a forcible detainer it was obviously essential that the relation of landlord and tenant should be alleged, or in some form appear on the face of the warrant; and the lower court having in that case quashed the warrant for the omission to state in it these essential facts, this court affirmed the judgment. The principles governing that case are peculiarly applicable to this, and being adhered to are fatal to the judgment. It is true that generally in proceedings of this kind errors which are merely formal or technical should be disregarded; and it has been held that "upon a traverse no advantage can be taken of the initiatory proceedings in the country." (Boucher v. Williamson, 1 . Dana, 227.) But for obvious reasons this is only so where the issue tried in the country involved the legal and relative rights of the parties, and was not such as to submit for trial some ulterior or irrelevant question. Under the warrant in this case the jury might have found against the defendants, if they were guilty of a forcible entry on the premises, or a forcible detainer thereof, as against any third party, although the plaintiff may have disclosed no right to the possession in himself whatever. And as on the traverse in the higher court the only inquiry was as to the truth of the inquest, it is plain that the rights of the appellants were liable again to be affected by the failure of the complaint in the warrant to restrict the issue to the essential facts on which the plaintiff could alone base a right of recovery.

We are therefore of the opinion that the court erred in overruling the motion to quash the warrant.

Wherefore the judgment is reversed, and the cause remanded with directions to quash the warrant, and set the inquisition aside.