## LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY

### v.

## MARGARET BEAM.

1. PLEADING—TORTS.—If the plaintiff, though needlessly, describe the tort and the means adopted in effecting it, with minuteness and particularity, and the proof substantially varies from the statement, there will be a fatal variance.

2. INSTRUCTIONS.—An instruction which professes to comprehend a statement, hypothetically, of all the facts necessary to a recovery, and ignores facts testified to by one party, is erroneous.

APPEAL from the Superior Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding. Opinion filed July 25, 1882.

· · This was an action on the case brought by appellee against appellant in the court below, to recover damages sustained by the former, occasioned by being thrown from a carriage in which she was riding and while attempting to cross appellant's railroad on Sixty-third street, in the village of Englewood, Cook county, Ill. The cause of action set out in the first count of the declaration is, in substance, that appellant had several tracks at the place in question; that freight cars were distributed for several hundred feet on both sides of the crossing on appellant's tracks so as to entirely obstruct the view, and prevent appellee from seeing an approaching train; that appellant failed to give any signal or warning to appellee of the approach of such train, and while she, with all due care and diligence, was then and there riding in said carriage across said railroad track at said crossing, the appellant, by its servants, so carelessly and improperly managed the said locomotive engine and train that, by the negligence and improper conduct of the appellant in that behalf, the said locomotive and train ran with great force and violence within six or eight feet of plaintiff's horse, and then and there the appellant by their servants' driving said locomotive engine and train of cars, did suddenly approach appellee's horse (without warning appellee of their approach), to wit, within six or eight feet of said horse, which was facing said locomotive engine and cars, and then and there for the first time, when appellee's horse was within six or eight feet of said locomotive engine, the servants of appellant did blow the whistle and ring the bell of said locomotive engine, and frighten said appellee's horse by its sudden approach, its sudden blowing said whistle and the ringing said bell as aforesaid, thereby causing appellee's horse to turn quickly and suddenly off from the planking, crossing the appellant's railroad bed, whereby, etc.

There was another count in the declaration, but no evidence was given tending to support it. Upon the trial under the plea of not guilty, appellee gave testimony tending to show that she was thrown out of the carriage by the horse being frightened and suddenly whirling around, from which she re-

L. S. & M. S. R'y Co. v. Beam.

ceived personal injuries, but the testimony in her behalf wholly failed to show that the horse was within six or eight feet of the locomotive or train in question at the time of the alleged blowing of the whistle or ringing the bell, and did show a substantial variance from the averment of declaration, in its description of the alleged wrong in that respect. Appellee gave evidence tending to show that she was familiar with the crossing in question; that she passed it but a few hours prior to the accident, and then observed the freight cars standing upon the tracks, substantially as they were at the time of the accident. The court on behalf of appellee gave to the jury the following instructions:

"If the jury believe, from the evidence, that the defendant's agents or servants in charge of the engine in question omitted to ring a bell or sound a whistle continuously for the distance of eighty rods before reaching the highway crossing; and if you further believe, from the evidence, that the plaintiff used reasonable skill in managing her horse, and that she and those riding with her, and by her charged with the duty of watching for any coming train, exercised ordinary care under the circumstances surrounding them, to ascertain the approach of such train, but that after the exercise of such care, were unable to ascertain the approach of such train until it reached the crossing, and that no bell was rung or whistle sounded until at or about the time the train reached said crossing, and that by the noise of said train and sound of the whistle or bell, the horse driven by the plaintiff was frightened and became unmanageable by reason of it, when approaching said crossing, by means whereof the plaintiff was thrown from the carriage to which the horse was hitched and injured; and if you further believe, from the evidence, that if the said bell had been continuously rung, or said whistle had been continuously sounded as aforesaid, the approach of said train could, with such reasonable care, have been ascertained in time to have stopped the horse at a sufficient distance from said crossing to have prevented the frightening of said horse and the resulting injury; and if you further find, from the evidence, that the flagman did not signal the plaintiff until

at the time that the train was about passing the street, and until the horse and carriage had approached near to said crossing, then, in that case, the defendant is liable, and your verdict should be for the plaintiff; on the contrary, if the jury believe, from the testimony, that the flagman signaled the plaintiff to stop before the horse came dangerously near the crossing, and that she failed to obey said signal and stop, but continued to advance until said horse came dangerously near, and thereby became frightened and unmanageable, and thereby injured the plaintiff, then she can not recover, and your verdict should be for the defendant." To the giving which appellant duly excepted. The jury found the appellant guilty and assessed appellee's damages at $250. The court overruling appellant's motion for a new trial, gave judgment on the verdict from which this appeal is prosecuted.

Mr. C. D. Roys and Mr. WM. B. KEEP, for appellant; that if the pleader describe the tort with particularity he will be bound to prove it as alleged, cited 1 Chitty's Pl. * 392; Bloomington v. Goodrich, 88 Ill. 558; Bloomington v. Read, 2 Bradwell, 542; Hilliard's Remedies for Torts, 159; Moss v. Johnson, 22 Ill. 633; Ill. Cent. R. R. Co. v. McKee, 43 Ill. 120.

Plaintiff can only show such negligence as is alleged: T. W. & W. Ry. Co. v. Jones, 76 Ill. 313; T. W. & W. Ry. Co. v. Foss, 88 Ill. 552; Ill. Cent. R. R. Co. v. McKee, 43 Ill. 119; Ill. Cent. R. R. Co. v. Godfrey, 71 Ill. 500.

Either sounding the whistle or ringing the bill was a compliance with the statute: St. L. A. & T. H. R. R. Co. v. Pflumacher, 9 Bradwell, 300; Ill. Cent. R. R. Co. v. Burton, 69 Ill. 174.

Plaintiff can not recover where he has been guilty of negligence unless the injury was wantonly inflicted: C. B. & Q. R. R. Co. v. Lee, 68 Ill. 580; Ill. Cent. R. R. Co. v. Hetherington, 83 Ill. 516; C. B. & Q. R. R. Co. v. Damarell, 81 Ill. 395; Litchfield Coal Co. v. Taylor, 81 Ill. 595; C. B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510.

Mr. FRANKLIN P. SIMONS for appellee; that the negligence

L. S. & M. S. R'y Co. v. Beam.

may be stated according to its legal effect, cited 1 Chitty's Pl. 391; Oldfield v. N. Y. & H. R. R. Co. 14 N. Y. 310.

A railway crossing a crowded thoroughfare is bound to take all practicable means by way of gates and flagmen to prevent accidents to travelers: Wharton on Negligence, § 47; Ill. Cent. R. R. Co. v. Bache, 55 Ill. 379; C. B. & Q. R. R. Co. v. Payne, 59 Ill. 534.

McAllister, J. We have decided to reverse the judgment in this case for the following reasons: First, there was no evidence tending to support the second count of appellee's declaration; and in describing the tort and the means by which it was effected the pleader averred that while appellee's horse was facing the locomotive engine and cars, and then and there for the first time, when appellee's horse was within six or eight feet of said locomotive engine, the servants of appellant did blow the whistle and ring the bell of said locomotive engine, and frighten appellee's horse by its sudden approach, its sudden blowing of said whistle and the ringing said bell as aforesaid, thereby, etc. The proof wholly fails to show that the horse was within any such specified distance of the locomotive; but does show that he was much farther away when he became frightened. It was not only needless, but indiscreet in the pleader to descend to such minuteness and particularity of description, for by the rules of law, indispensable to the true purposes and objects of good pleading, the appellee would be bound to prove the statement substantially as made. This she failed to do. The rule governing in such cases, is concisely stated thus: "But if the plaintiff, though needlessly, describe the tort and the means adopted in effecting it, with minuteness and particularity, and the proof substantially vary from the statements there will be a fatal variance which will occasion a nonsuit." 1 Chit. on Pl. p. 392.

Secondly, the instruction given by the court to the jury, on behalf of appellee, was erroneous in three particulars: 1. It professed to comprehend a statement, hypothetically, of all the facts necessary to a recovery, but ignored, altogether, the fact testified to by appellee, that she was familiar with the

crossing, had been over it but a short time previously and knew its situation respecting obstructions to the view from freight trains standing there. That fact was material upon the question whether appellee exercised ordinary care and diligence to avert the injury. 2. Besides, the instruction improperly assumes as a fact that appellee charged those who were riding with her at the time, with the duty of watching for any coming train. 3. It improperly assumes that the failure of duty on the part of the flagman to give appellee a signal of the approach of the train was to be considered as an element of appellee's cause of action. Such matter not having been stated in the declaration as a part of the gravamen of the action, it could not properly be considered as forming any basis for a recovery in this case. These points we regard as fully supported by the authorities cited by appellant's counsel. The judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.