## James M. Petty
## v.
## The People, etc.

1. PRACTICE—CRIMINAL CASE—RECOGNIZANCE.—A recognizance in a criminal case may properly be made returnable to a second term of court when the intervening first term is, by a rule of court, duly entered to be devoted wholly to civil business.

2. VARIANCE.—The recital in a *sci. fa.* that a forfeited recognizance is signed by "Thomas J. Petty," when the recognizance itself is signed "T. J. Petty" is not a variance, if the instrument otherwise answers the description given.

3. RECOGNIZANCE—RETURN.—A recognizance for appearance at a certain term of the "Criminal Court of Adams county," when the only court of said county which could have jurisdiction of the offense charged was the circuit court, was sufficient under the statute.

4. DUTY OF CLERK TO CORRECT ERROR IN FILE MARK.—It is not only the right, but the duty of a clerk of court to correct an inadvertent error in a file mark on its discovery.

5. PRACTICE.—The issue on a plea of *nul tiel record* is for the court and not for a jury.

APPEAL from the Circuit Court of Adams county; the Hon. WILLIAM MARSH, Judge, presiding. Opinion filed February 25, 1886.

Mr. J. N. SPRIGG and Messrs. CARTER & GOVERT, for appellant.

Mr. OSCAR P. BONNEY, for appellee.

WALL, P. J. This was a *scire facias* upon a forfeited recognizance. There was judgment for the people and the record is brought here on appeal by the surety. The objections urged in the brief will be noticed in their order. It is first urged that the return of the sheriff was bad, because it showed merely that he had not found defendants in his county. Counsel suggest the sheriff had power to serve the writ anywhere in the State.

There is no force in the suggestion. The sheriff could not serve the writ out of his own county, nor could the writ properly require him to do so.

But if the writ and return were defective, the defendants, by filing pleas, waived the objection.

The next objection relates to the provision of the recognizance which was entered into October 18, 1884, for the appearance of the principal at the January term, 1885, when by law another term intervened to be held on the fourth Monday of October, 1884. By a rule of court duly entered, the October term was to be devoted wholly to civil business, and the January term was the first term at which the case could be taken up.

This order was pursuant to authority conferred by Sec. 91, Ch. 37, R. S. Hence the recognizance was properly made returnable to that term. The People, etc., v. O'Brien, 41 Ill. 303.

After the motion to quash the *scire facias* had been overruled the defendants filed twelve pleas. The court sustained a demurrer to all these pleas except the first, second, fifth and sixth, which were, in effect, pleas of *nul tiel record*. To the pleas held good replications were filed and the issue was tried by the court. It is suggested that the third and fourth were good, and that the court erred in sustaining the demurrer thereto. Those pleas alleged that the justice of the peace did not approve and certify the recognizance and deliver the same to the clerk as averred in the *scire facias*.

The plea of *nul tiel record* put in issue all the material allegations of the *sci. fa.* including the making, certifying and filing of the recognizance described, and if such a record was produced its verity could not be questioned. Hence all that could properly be gained by these pleas was secured by the others and if it was intended by them to attack the record they were insufficient. There is no occasion for complaint here. The People, etc., v. Watkins, 19 Ill. 117; Wilbourn v. The People, 76 Ill. 516; Moony v. The People, 81 Ill. 134; Peacock v. The People, 83 Ill. 331; Compton v. The People, 86 Ill. 176. No argument is presented or any point made in the brief as to the other pleas to which the demurrer was

sustained, and we assume the appellant concedes they were defective. When the recognizance was produced on the trial objection was made by defendants that it was variant from that described in the *sci. fa.* and in support of the objection, which was overruled by the court, several suggestions are now presented for our consideration. First, that the *scire facias* alleged that the recognizance was conditioned for the appearance of said Thomas J. Petty on the first day of the then next term of the circuit court to be held in the said county of Adams and from day to day of said term, whereas the recognizance provided for his appearance on the first day of the January term, 1885. This point raises the question as to the validity of the recognizance as already referred to, based upon the fact that it was not returnable to the October term. We do not care to discuss that question further and though it seems to be again presented in another part of the brief we will not again refer to it, being content with what has been said.

If the *scire facias* had averred that the recognizance was returnable to the January term it would perhaps have been a more accurate statement as it would have been literally the fact; but we do not understand this is the point made. If it is, the objection could have been obviated by amendment and should have been specifically stated in the court below.

This answer may also be made to another objection now presented, that the *scire facias* alleges that the recognizance was signed by Thomas J. Petty and the record shows the name was abbreviated T. J. Petty.

The averment that Thomas J. Petty signed by the name T. J Petty, would have met the point and could have been inserted if the attention of the court had been called to it on the trial.

It is probable, however, that such an amendment would not be considered necessary. The *scire facias* does not allege by what name Thomas J. Petty signed, and it might well be said that the production of an instrument, otherwise answering the description given, with the name signed by the initials, would be deemed sufficient. Speer v. Craig, 22 Ill. 433.

It is next urged that the recognizance did not bind the accused to appear before the circuit court of said county as alleged in the *scire facias*, but before the "Criminal Court of said county of Adams."

There is no court having such a designation, legally speaking, in Adams county. This recognizance recited that said Thomas J. Petty had been examined before the justice of the peace on a charge of larceny of a horse, and had been adjudged to give bond as required by the statute in such case made and provided, for his appearance to answer said charge, and the condition was that if he should "personally be and appear before the Criminal Court of said county of Adams on the first day of the next term thereof, to be holden at the court house in Quincy on the third Monday in January, 1885," etc., etc. The only court which could have jurisdiction of the offense in question was the circuit court, which held a term for criminal business at the time specified, so that there can be no reasonable doubt that this was the court intended by the expression "the criminal court," etc. It is provided by Sec. 361, Ch. 38, R. S., that "every recognizance taken or attempted to be taken in pursuance of this act, shall, by all courts in this State, be held and adjudged to have been entered into voluntarily, and shall not be set aside or adjudged insufficient for want of form, either in the recognizance or in the certificate of the officer taking the same." Section 370 of the same chapter provides as follows: "Such action shall not be barred or defeated, nor shall judgment be arrested by reason of neglect or omission to note or record the default of any principal or surety at the term when it happens, nor by reason of a defect in the form of the recognizance, if it sufficiently appears from the tenor thereof at what court the party or witness was bound to appear, and that the court or magistrate before whom it was taken was authorized by law to require and take such recognizance."

It is apparent the legislature intended to guard against the consequences of a too strict construction of such instruments. The provision is just and beneficial, and should be enforced according to the manifest object of the law.

Petty v. The People.

There can be no dispute that "it sufficiently appears from the tenor" of this recognizance "at what court the party was bound to appear." This objection must be overruled.

It is urged that the recognizance does not appear to have been returned to and filed in the said court, and so became a matter of record before the judgment of forfeiture was taken.

The *sci. fa.* does not allege on what day it was so filed, but by the indorsement thereon it appears the date was December 19, 1884. The defendants called the clerk as a witness against the objection of the State's attorney and proved that the file mark had been changed by him so as to read 1884 instead of 1885 as formerly.

When a clerk by inadvertence places the wrong date in a file mark, it is not only his right but his duty to correct the error on discovery. It will be presumed, when a sworn officer of the court makes such an alteration, he does so to correct a mistake and not to falsify the record, and when, as in this case, no effort is made to show that the corrected date is not the true one, and there are no suspicious circumstances connected with the transaction, the court will be justified in receiving and acting upon the paper as though the indorsement had been correctly made at first. McFarlan v. The People, 13 Ill. 9.

It is also urged that the court erred in refusing to submit the questions at issue to a jury.

In this the court ruled properly. The only issue was on the pleas of *nul tiel record,* which is for the court, and not for a jury. 1 Chitty Pl. 557; Brady v. Commonwealth, 1 Bibb, 517; Eppes v. Smith, 4 Murf. 466; Bourcher v. Wilboursen, 1 Dana, 227.

We find no error in the record, and the judgment will be affirmed.

Affirmed.