THE CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY

v.

LOUIS MORKENSTEIN, BY NEXT FRIEND, ETC.

*Personal Injuries—Pleading—Declaration—Variance—Instructions.*

1. In an action for a personal injury, if the plaintiff needlessly describes the tort and the means by which it is effected, with minuteness and particularity, and the proof substantially varies from the statement contained in the declaration, the variance will be fatal.

2. In the case presented, it is *held:* That the evidence fails to support the allegations of the declaration; that it shows the plaintiff to have been a trespasser in the yard of the defendant; and that an instruction, submitting to the jury a cause of action substantially variant from that described in the declaration, and a question of wilful tort, having no basis in the evidence, was erroneous.

[Opinion filed December 7, 1887.]

APPEAL from the Circuit Court of Cook County; the Hon. JOHN G. ROGERS, Judge, presiding.

This was an action by appellee against the railroad corporation, appellant, to recover for a personal injury to the former,

occurring November 29, 1882, in the City of Chicago, whereby he lost one of his arms. The declaration contains three counts: 1. That the plaintiff, at the time, was lawfully upon a public highway of said city, which was crossed there by tracks of defendant's railway, and the latter ran its locomotive engine across said highway without ringing a bell or sounding a whistle as required by statute, and plaintiff was unavoidably struck thereby and injured; 2. That plaintiff was lawfully upon said public highway and was struck by defendant's locomotive and train, being run across the same at a rate of speed faster than that prescribed by any ordinance of said city; 3. That plaintiff was lawfully upon a public highway of said city which was crossed by defendant's tracks, and it had no flagman at such crossing as required by an ordinance of said city, by means whereof he was struck by a train of defendant passing said crossing.

The plea was the general issue. It appeared on the trial that the place where the plaintiff was at the time of the injury, was in the yard of defendant, lying between Harrison and Polk streets, and that there was no public highway there.

The testimony of and on behalf of plaintiff tended to show that between the hours of 12 and 1 o'clock, in the middle of the day in question, the plaintiff, who was then a boy eight years of age, in company with a brother thirteen years of age, without either of them having any purpose of business with defendant, went eastward from Canal Street down a driveway into said yard, and while the plaintiff was standing momentarily near to the west side of the track of defendant, running in a north and northwesterly direction, a train of empty freight cars came from the south, being backed, with the locomotive at the south end of the train, and moving noiselessly toward the freight house that was about, as they said, some fifteen feet north of where they were standing on said driveway; that while plaintiff was so standing, his brother was also standing upon said track north of him and some five feet away; that hearing no signal and being unaware of the approach of said train the corner of the foremost car struck him against the shoulder, knocked him down upon his belly, bruising his head,

and his right arm went over the rail, was run over, and crushed so as to require amputation; that his brother to save himself seized hold of the ladder on the car and was carried to opposite the platform of the freight house, when he threw himself off in safety on the platform. And the evidence is all one way, that the plaintiff was found and picked up near a waterspout of the freight house, which defendant showed was sixty-eight feet north of said driveway. There was a strong preponderance of evidence to the effect that both the boys were hanging on the cars, the plaintiff as well as his brother, before they reached the freight house, and that plaintiff fell off by the water-spout where he was found and picked up. Neither of the boys could give any account as to the plaintiff's getting to that place, if struck, knocked down and his arm run over, at the place where they said it happened on the driveway.

The evidence for the defendant showed conclusively that said driveway was defendant's own property; that it was in no sense a public highway, though there was evidence tending to show a license on the part of defendant to the public to use it.

The plaintiff gave no evidence at all tending to show that said train was running at any undue rate of speed, but defendant proved that it was running at the rate of only three or four miles an hour. The two boys testified that they heard no bell ring; but the defendant showed that there were twenty-nine freight cars in the train; that the engine was 600 feet away from the foremost car as they were backing; that there was a steam apparatus for ringing the bell, and evidence tending to show that it was ringing at the time. There was no evidence tending to show that any person connected with the train saw either of the boys, or knew of their presence there; but three persons connected with the freight house testified to seeing the plaintiff hanging on a train. There was no evidence tending to show any wilfulness or wantonness on the part of any of defendant's agents or servants.

The court on behalf of plaintiff, gave the jury the following instruction:

" 4. The jury are instructed that, although they may believe

from the evidence that plaintiff was improperly or unlawfully upon the defendant's railroad track, that fact alone did not discharge the railroad company or its employes from the observance of reasonable care, and if you believe from the evidence that plaintiff was injured by the defendant's train while so improperly or unlawfully on said tracks, but that the injury complained of was wilful and the direct and natural result of the negligence of defendant or its employes, as charged in the declaration, then you must find for the plaintiff unless you believe from the evidence that the plaintiff himself was exercising a less degree of care as could be expected of him under the circumstances proven in this case."

The jury returned a verdict for plaintiff, assessing his damages at $3,000, and the court, overruling defendant's motion for a new trial, gave judgment upon the verdict. Hence this appeal.

Messrs. DEXTER, HERRICK & ALLEN, for appellant.

Messrs. M. SALOMON and SIGMUND ZEISLER, for appellee.

McALLISTER, J.   In describing the tort complained of and the means by which it was effected, the plaintiff has alleged in each of the several counts of his declaration, that while he was upon the public highway of the City of Chicago and in the exercise of the legal, common right to be and travel thereon, he was necessarily and unavoidably run against, etc., by defendant's locomotive and train.

The rule is that where the pleader, though needlessly, describes the tort and the means by which it is effected, with minuteness and particularity, and the proof substantially varies from the statement, there will be a fatal variance and the plaintiff will fail in his action.   Moss v Johnson, 22 Ill. 633; City of Bloomington v. Goodrich, 88 Ill. 558; L. S. & M. S. R'y v. Beam, 11 Ill. App. 215.

The plaintiff's evidence not only failed to support the allegations respecting such public highway but the affirmative evidence on the part of defendant clearly established the fact that

there was no public highway at the place where the plaintiff received his injury; but that he was, at the time, in the defendant's yard, its private property, upon no purpose of business with the defendant, and therefore a trespasser. From this view it is apparent that the fourth instruction, given on behalf of the plaintiff, was erroneous, because it submitted to and authorized the jury to find for the plaintiff upon a cause of action substantially variant from that described in either count of his declaration. Not only that, but it submitted to the jury the question of a wilful tort on the part of defendant, its agents and servants, when there was no evidence sufficient to go to the jury upon that question. For that error the judgment must be reversed and the cause remanded.

*Judgment reversed.*