## John R. Robertson v. Harry C. Moir.

1. PRACTICE—*Vacating Recognizances.*—Where a recognizance, accepted in lieu of an attachment lien, is set aside by order of the court, and another recognizance entered and accepted, it is not error to treat the second recognizance as valid; the former recognizance, being set aside, becomes of no force whatever.

2. SAME—*Attacking Pleas by Motions to Strike Off.*—The practice of attacking pleas by motion to strike off, on the ground that they are sham pleas, was, at common law, based upon the obvious falsity of the plea, or upon some showing by affidavit accompanying the motion, by which it was made to appear to the court that the plea was so clearly false that it could not be treated as presenting any matter of substantial litigation.

3. SAME—*Motions to Strike Off Not Applicable to Pleas Amounting to the General Issue.*—The practice of attacking pleas by motions to strike off, upon the ground that they are sham pleas, has never obtained as to pleas which amount to the general issue.

4. PLEAS—*Nul Tiel Record in Actions by Scire Facias upon a Forfeited Recognizance.*—In an action by *scire facias* upon a forfeited recognizance the plea of *nul tiel record* puts in issue the record of the recognizance and is in effect a plea of the general issue; it can not be attacked by a motion to strike off.

5. APPELLATE COURT PRACTICE—*When Error Will Not Reverse.*—Error will not reverse where the fact remains clear and beyond possible question that in the judgment appealed from not only has substantial justice been done, but a result has been reached which can not be changed upon another trial, and no other disposition of the matter upon its merits, different from the result reached, can be permitted. The Appellate Court will decline to reverse the judgment merely to send the cause back for needless and useless procedure.

**Scire Facias,** on forfeited recognizance. Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed April 16, 1900.

**Statement.**—Appellee brought suit in assumpsit against "Haverly's Minstrels," and in aid of that suit an attachment afterward issued.

After a levy of the attachment writ upon property of the defendant, a recognizance was entered into for the purpose of securing a release of the levy under section 15 of the attachment act, and upon January 14, 1899, the recognizance was, by order of court, accepted, and the attachment

was dissolved.    Afterward, at the same term of the court,
viz., on January 17, 1899, the order last mentioned was set
aside and vacated.  Upon January 21, 1899, another recogni-
zance was entered into by appellant and one O. M. Stone,
which was accepted by the court.

The suit proceeded to a final judgment against the
defendant, which was entered upon February 8, 1899.
Upon May 11, 1899, the recognizance was declared for-
feited as to the sureties, appellant and Stone, and a writ of
*scire facias* was ordered to issue against them.    Stone
defaulted.  Appellant filed four pleas, among which was a
plea of *nul tiel record*.  Upon motion and without any
showing, these pleas were stricken from the files as sham
pleas.    Thereupon the court proceeded to render the judg-
ment here appealed from against appellant and Stone, the
two sureties.

LEO W. WHEELER, attorney for appellant; LOUIS DAN-
ZIGER, of counsel.

NEWMAN, NORTHRUP & LEVINSON, attorneys for appellee.

MR. PRESIDING JUSTICE SEARS delivered the opinion of the
court.

A number of complaints are made by counsel for appel-
lant as to matters of procedure in the trial court, some of
which we think are well founded.

It was not error to treat the second recognizance as valid,
although by a former order of the court another recogni-
zance had been accepted in lieu of the attachment lien, for
by a subsequent order, which, however, preceded the
entering into the recognizance here in question, the whole
proceeding in relation to the former recognizance was set
aside and became of no force whatever.

It was, however, error to strike from the record the
fourth plea filed by appellant.  The practice of attacking
pleas by motion to strike off upon the ground that they
were sham pleas, was in the common law practice based upon

the obvious falsity of the plea or upon some showing by affidavit accompanying the motion, by which it was made to appear to the court that the plea thus attacked was so clearly a false plea that it could not be treated as presenting any matter of substantial litigation. 1 Chitty Pl. (9th Ed.), p. 542; Stephen on Pleading, (Andrews' Ed.) Sec. 228.

The practice has never obtained as to pleas which amount to the general issue, for a general denial of the allegations of the plaintiff could never be treated as a sham plea. In an action by *scire facias* upon a forfeited recognizance, the plea of *nul tiel record* certainly puts in issue the record of the recognizance and is at least in effect a plea of the general issue. Slaten v. People, 21 Ill. 28; Compton v. People, 86 Ill. 176.

Therefore this plea could not properly be thus attacked by motion to strike off.

But the only issue raised by this plea, if it were not stricken off, was an issue which was for the court and not for a jury. 1 Chitty Pl. 557; Petty v. People, 19 Ill. App. 317.

The record which the appellant presents to us discloses to us, as it did to the court below, that the plea, however proper in form, could be of no avail to appellant.

There are other matters of procedure as to which error is assigned, and we are not prepared to hold that it is not, in some of the instances at least, well assigned. But the fact remains clear and beyond possible question that in the final judgment here appealed from, not only was substantial justice done, but a result was reached which can not be changed upon another trial. If ever so many trials of this cause were had, no disposition of it upon its merits other and different from the result now reached could be permitted. The attachment proceeding, the recognizance here sued upon, the final judgment against the defendant in the suit in which the recognizance was entered into, the breach of the condition thereof that the defendant should pay the judgment, and the forfeiture as to appellant, are all shown by the record now presented to us as facts beyond contro-

versy. Another trial could be of no avail to appellant.
The errors in the procedure of this trial are errors without
prejudice. We must therefore decline to reverse the judg-
ment because of such errors, merely to send the cause back
for needless and useless procedure. The practice of this
State amply warrants such disposition of this appeal.
Lycoming Fire Ins. Co. v. Dunmore, 75 Ill. 14; Heckle v.
Grewe, 125 Ill. 58; City v. Jackson, No. 8633 of this term,
not yet reported, and cases cited.

The judgment is affirmed.