# Chicago City Railway Company v. Mary Carrick.

## Gen. No. 13,022.

1. VARIANCE—*what constitutes fatal.* Where the declaration distinctly charges that the plaintiff received the injuries in question by being thrown to the ground and dragged along, and the proof does not support such averment, a fatal variance exists.

2. TORT—*how description of, contained in pleadings, must be proven.* Notwithstanding the pleader may have been needlessly minute in describing the tort complained of, yet the obligation is upon him to prove the tort charged substantially as pleaded.

Action in case for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1906. Reversed and remanded. Opinion filed April 12, 1907.

WILLIAM J. HYNES, JOHN E. KEHOE and WATSON J. FERRY, for appellant; MASON B. STARRING, of counsel.

S. P. DOUTHART and W. A. BRENDECKE, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

It is contended in behalf of appellant that the verdict in favor of appellee was not justified by the evidence, "that there is a fatal variance between the allegations of the declaration and the proof."

The first count of the declaration charges that appellant's car was negligently "jerked" forward, in consequence of which "plaintiff was thrown with great force and violence upon the ground and dragged along the same at a rapid rate of speed three hundred feet, by means whereof she sustained serious" injuries, etc. The second count likewise alleges that defendant "carelessly and negligently started said car with a violent, rapid and sudden jerk and motion, by means whereof plaintiff was thrown upon the ground and dragged along and upon and over the same at a rapid rate of speed a distance of three hundred feet," by means whereof she was injured. Plaintiff's evidence, it is claimed, does

not sustain these allegations and it is urged that where the pleader, though needlessly, describes the tort and the means by which it is effected with minuteness and particularity and the proof substantially varies from the statement, there will be a fatal variance and the plaintiff must fail in the action.

The testimony of the plaintiff is to the effect that when the car stopped other people went out in front of her. She says "I did not go out at all, went part way out and I was glad I did not get out. I went out with them as close as I could go." She states that she "got out on the platform and I had one foot down on the step and in the act of putting the other one down when the car started with a jerk and gave me a violent throw back against the dashboard. I shall never forget that. Really I could not tell how I lay, but I lay there and I know my feet were on the street." She states that her "feet were dragging on the street," that a gentleman caught her by the collar of her coat, that "he pulled me up a little bit. I was the same with my feet on the ground of the street," that "he put his leg across me in front," that her "limbs were scratched a little bit and they were kind of bruised like, but I did not think anything of that, it did not hurt like the other." She complains of having been injured on the shoulder, back of her head and in the elbow, that "my arm was the worst of all." Her testimony is that while the car was in motion after she fell against the dashboard "I was lying right back on the platform or partly this way," and that she had a child in her arms which she continued to hold in that position until the car stopped. The man who took hold of her collar, and as she states pulled her "up a little bit," testified in her behalf and states that "when I grabbed her she was sitting or lying on the body of the edge of the platform and edge of the first step, with her feet out in the street; that is hanging over the side of the car." Another witness in plaintiff's behalf—a fellow passenger—testifies that "it looked as though she was sitting with her feet down on the lower step. Not on the lower step, on the second step, the step off the platform down. I am referring to the edge of the platform as being the first

step.    I thought there was a lower step and it looked to me then as though one of her feet was down on the step just below the platform." This witness states that her "view was not obstructed in any way," that appellee's "arm and side were up against the dashboard," and that such "was the position she was lying in there all the time I saw her during the time the car was going these two blocks," that "her body was practically all on the platform."

It is clear from this evidence that it does not tend to support the averments of the declaration that appellee "was thrown upon the ground and dragged along and upon and over the same," "by means whereof she sustained serious injuries." A physician who saw her about three days after the accident states that he examined her legs and "found some bruises and abrasions"; but these are not the injuries she complains of, and that they were not in any way serious is admitted. She was not thrown upon the ground at all, but upon the platform, and if it be true, which the evidence of her own witnesses seems to dispute, that her feet hung over the step and on the street, there is no evidence of injury from that cause, nor does her evidence contain any complaint of such injury. The bruises and abrasions on her legs which it is said were found, might readily have resulted from contact with the platform and steps. The declaration distinctly charges that it was from being thrown on the ground and dragged along that plaintiff received the injuries for which she seeks to recover, and this averment is not supported, so far as we can discover, by any evidence whatever. Under these circumstances we see no escape from the conclusion that there is a fatal variance between the proof and the declaration. In L. S. & M. S. R. R. Co. v. Beam, 11 Ill. App., 215–219, it was found that in describing the tort and the means by which it was effected there was a variance because "the proof wholly fails to show that the horse was within any such specified distance of the locomotive, but does show that he was much farther away when he became frightened"; and it is said: "It was not only needless, but indiscreet in the pleader to descend to

Chicago City Ry. Co. v. Carrick.

such minuteness and particularity of description for by the rules of law, indispensable to the true purposes and objects of good pleading, the appellees would be bound to prove the statement substantially as made.    This she failed to do. The rule governing in such cases is concisely stated thus: 'But if the plaintiff though needlessly describe the tort and the means adopted in effecting it with minuteness and particularity, and the proof substantially vary from the statements, there will be a fatal variance which will occasion a non-suit, 1 Chit. on Pl., p. 392.' "    The case at bar is much stronger than the one we have cited.    In C., B. & Q. R. R. Co. v. Morkenstein, 24 Ill. App., 128–131, the judgment was reversed because a question had been submitted to the jury of a wilful tort, when there was no evidence sufficient to go to the jury upon that question.    See also City of Chicago v. Degnan, 14 Ill. App., 128–134.    In T. W. & W. Ry. Co. v. Morgan, 72 Ill., 155–157, it is said: "But conceding it was this fire that caused the injury, it is an unanswerable objection to the right claimed to recover that the declaration counts upon no such state of facts, hence the judgment can not be maintained."    In the case at bar, if it be conceded that the jerking of the car caused the injuries complained of by appellee, we are of opinion that the objection to recovery is unanswerable, since the declaration counts upon no such state of facts, but alleges the injuries were occasioned by an entirely different cause.    Wabash Ry. Co. v. Billings, 212 Ill., 37–41, is a case in point.    It was held that "there was a clear variance, which was brought to the attention of the trial court and the plaintiff and it was not cured by amendment."    In like manner attention was called to the variance in the present case in connection with a motion at the close of all the evidence to instruct the jury to find defendant not guilty, and the objection was not cured by amendment.

For the reasons indicated the judgment of the Circuit Court must be reversed and the cause remanded.

*Reversed and remanded.*