John Lynch, Appellant, v. Chicago City Railway Company, Appellee.

Gen. No. 16,070.

1. NEGLIGENCE—*what essential to recovery.* In order to recover in an action for negligence the negligence charged in the declaration must be established by the proof. The proof of other negligence which if it had been alleged would have warranted a recovery, is not sufficient.

2. NEGLIGENCE—*effect of minute description.* If in an action to recover for negligence the plaintiff needlessly describes the manner in which the injury was inflicted with minuteness and particularity and the proof substantially varies from the statements in the declaration, he cannot recover.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed January 17, 1912.

DAVID F. MATCHETT and AMOS W. MARSTON, for appellant.

FRANKLIN B. HUSSEY and FERDINAND GOSS, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

This is a suit to recover for personal injuries sustained by a boy of eleven years of age claimed to have resulted from the negligence of the servants of appellee in the management of a street car. The declaration consists of an original count and two additional counts. The negligence charged in the original count is that while appellant, who, it is alleged, was a passenger on the car for hire and who had paid his fare, was attempting to alight from the car while it was standing still at the intersection of Sixty-third street and Indiana avenue for the purpose of permitting passengers to alight therefrom, appellee, through its agents in charge of the car, negligently, suddenly and violently started the car and appellant was thereby thrown to the pavement and injured. The first and second additional counts charge appellee's negligence to be that while appellant was in the act of attempting to board the car at the intersection of Sixty-third street and Indiana avenue, while it was there stopped for that purpose, appellee, through its agents, negligently, suddenly and violently started the car, and appellant was thereby thrown to the pavement and injured. The jury found appellee not guilty and judgment was entered on the verdict. From that judgment the plaintiff in the court below appeals.

Appellant does not claim he is entitled to recover under the first or original count in the declaration, but insists that the evidence shows him to be entitled to a verdict under the additional counts. The undisputed evidence shows that the car from which it is alleged appellant was thrown was running westward on Sixty-third street. As it approached the intersection of Indiana avenue, no one on the car had signalled the motorman to stop or in any other way signified their desire to alight from it at Indiana avenue, and both the motorman and the conductor of the car testified that they saw no one there who in any way signified their desire to board it; that while the speed of the car was slackened about the time it was crossing Indiana avenue to a speed of three or four miles per hour, "or about as fast as a man would be walking," it was not for the purpose of receiving or discharging passengers, but was for the purpose of safely taking an "S" curve that began at about the east side of Indiana avenue and extended westward from that avenue a few feet, and the decided preponderance of the evidence shows that the car did not stop at all until it had passed by the place where appellant was injured, some sixty feet, and then only because the motorman was notified by a passenger who was riding on the front platform that a boy had fallen from the car.

It is a well-settled rule that in order to recover in an action for negligence the negligence charged in the declaration must be established by the proof and that proof of other negligence which, if it had been alleged, would have warranted a recovery is not sufficient. Chicago City Ry. Co. v. Bruley, 215 Ill. 464. If in such an action the plaintiff needlessly describes the manner in which the injury was inflicted with minuteness and particularity, and the proof substantially varies from the statements in the declaration, he cannot recover. C. B. & Q. R. R. Co., v. Morkenstein, 24 Ill. App. 128, and cases there cited.

The proof in this case fails to show that the car was stopped at the intersection of Sixty-third street and Indiana avenue to receive passengers, or at all until after appellant was injured; that appellant attempted to board the car while it was standing still or that while he was in the act of boarding the car it was suddenly and violently put in motion. The averments in appellant's declaration, as to appellee's negligence, were, therefore, not supported by the evidence, and the jury would not have been justified in returning any other verdict than the one returned.

Other errors are assigned, but as the verdict and judgment were correct on the facts, and as a retrial of the case could not result in a different judgment, it is not necessary to consider them. Robertson v. Moir, 88 Ill. App. 355.

The judgment of the court below is, therefore, affirmed.

*Judgment affirmed.*