THE CHICAGO CITY RAILWAY COMPANY

*v.*

MINNIE BRULEY.

*Opinion filed April 17, 1905—Rehearing denied June 13, 1905.*

1. NEGLIGENCE—*proof must correspond with averments of declaration.* If the plaintiff sets out in the declaration the negligent acts of the defendant relied upon for a recovery he must establish those negligent acts, and cannot recover on proof of other acts not averred as a ground of recovery even though the acts proven show that the defendant company was guilty of negligence which caused the injury.

2. SAME—*direct testimony that switch was open is not necessary.* To sustain an averment that an open switch caused defendant's car to jump the track, thereby inflicting the plaintiff's injury, direct testimony that the switch was open is not essential, if the circumstances proven are sufficient to enable the jury, without acting as unreasonable men within the eye of the law, to find, from the evidence, that the cause of the derailment in question was an open switch.

3. APPEALS AND ERRORS—*when Supreme Court must sustain refusal to direct a verdict.* In determining whether the trial court erred in submitting a case to the jury, evidence on the part of the defendant contradicting that of the plaintiff cannot be considered, and if there is any evidence in the record tending to support the cause of action alleged, the Supreme Court is bound to affirm the action of the trial court and the Appellate Court in holding that the case should be submitted to the jury.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

WILLIAM J. HYNES, WATSON J. FERRY, and EDWARD C. HIGGINS, (MASON B. STARRING, of counsel,) for appellant.

KRETZINGER, GALLAGHER & ROONEY, (JAMES C. McSHANE, of counsel,) for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action on the case commenced by the appellee, against appellant, in the circuit court of Cook county, to recover damages for a personal injury alleged to have been sustained by her by being run over and injured by one of appellant's cars, which jumped its track at Thirty-first street and Center avenue, in the city of Chicago, near where appellee had gone with a view to board said car as a passenger. The case was tried upon a declaration containing four counts, which alleged the cause of the derailment was an open switch. The general issue was filed, and upon a trial the jury returned a verdict in favor of the appellee for the sum of $8000, upon which judgment was rendered, which judgment has been affirmed by the Appellate Court for the First District, and a further appeal has been prosecuted to this court.

It is first contended that the court erred in declining to take the case from the jury at the close of all the evidence, on the ground that it does not appear from the evidence that the switch at Center avenue and Thirty-first street, where the car left the track, was open, as was averred in the declaration, and it is said for that reason there was a failure of proof, and the appellee was not entitled to recover. It is a well settled rule that the proof must correspond with the averments of the declaration, and where the plaintiff sets out in his declaration the negligent acts of the defendant relied on as a basis for a recovery he must establish those negligent acts, and cannot recover by reason of negligent acts of the defendant not averred in the declaration as a ground of recovery, even though the acts proven show the defendant was guilty of negligence which caused the injury. *Chicago and Eastern Illinois Railroad Co.* v. *Driscoll,* 176 Ill. 330.

It appeared from the evidence of the appellee that the appellant was operating a double track electric road in Thirty-first street, which street runs east and west, the south track

being the east-bound track and the north track the west-bound track. The north end of Center avenue, which runs north and south, terminates at Thirty-first street. Upon said avenue appellant was also operating a double track electric road, the west track being the south-bound track and the east track the north-bound track. The tracks upon Center avenue curved west at Thirty-first street and connected with the Thirty-first street tracks a few feet west of the west line of Center avenue. The accident took place about 7:30 on the evening of the 24th day of February, 1898. There were several inches of snow upon the ground, and from three to five minutes prior to the accident a sweeper, propelled by electricity, passed east upon the south track upon Thirty-first street and turned south upon the west track on Center avenue. One witness who was near by and saw the sweeper turn into Center avenue testified that after the sweeper passed from Thirty-first street to Center avenue it did not stop nor did anyone leave the car, but that it continued south upon Center avenue. The appellee was going east upon Thirty-first street. She saw a car coming from the west upon the south track upon that street and started across Center avenue to the south-east corner of that avenue and Thirty-first street for the purpose of taking said car at that point. The car was moving rapidly, and when it reached a point a few feet west of Center avenue it left the Thirty-first street track and ran in a diagonal direction to the south-east corner of Thirty-first street and Center avenue. Appellee attempted to reach the sidewalk, but was overtaken by the car and knocked down, the forepart of the car passing over her body. She remained beneath the car from twenty to thirty minutes and sustained serious and permanent injuries.

There is no direct proof that the switch connecting the south track in Thirty-first street with the west track in Center avenue was open, and the motorman and conductor in charge of the sweeper testified after their car passed from Thirty-first street to Center avenue it was stopped and the

switch was closed, so that a car in passing east upon the south Thirty-first street line would continue east at Center avenue and not turn south upon that avenue.   There is also evidence tending to show that the car which left the track was not the first car, but the second car, which followed the sweeper.   We cannot, however, consider said testimony, as it is not the province of this court to weigh the evidence, but if there is evidence in the record fairly tending to support the plaintiff's cause of action as set out in her declaration,— that is, that the switch connecting the Thirty-first street line with the Center avenue line was open,—then this court is bound to affirm the action of the trial and Appellate Courts in holding that the case was of such character as required its submission to the jury, as this court only determines questions of law and cannot review the judgment of those courts upon the facts.   It was not necessary for the appellee to prove by direct testimony that the switch was open, but if the circumstances proven fairly tended to show that the cause of the derailment was an open switch, so that the jury might find that fact from the evidence without acting as unreasonable men within the eye of the law, the proof was sufficient to require the submission of the case to the jury.   In *Robbins* v. *People,* 95 Ill. 175, on page 178, it was said: "It is true that neither one of the witnesses does so state in so many words; but that was not necessary.   Evidence of a fact may be derived from inference, although there be no positive statement of its existence.   Jurors bring to bear upon testimony their common observation and general knowledge, and in the light thereof, and as men conversant with affairs, they pass upon the evidence in the case, drawing the inferences from it which, as such judges of the facts, they properly may do."

The evidence of the appellee fairly tended to establish the following facts: First, the sweeper turned south upon Center avenue from Thirty-first street without stopping or anyone leaving the car at that point; second, the car which

left the track and injured appellee immediately followed the sweeper; and third, said car was running at a high rate of speed when it reached Center avenue, where the derailment occurred. As a matter of fact, the car was going so fast at that point that after it left the track it ran diagonally across Center avenue upon the ground, struck and cut off a pole almost a foot in diameter standing near the south-east corner of said street and avenue, and was only stopped by coming in contact with the stone curb at said corner, which curb was cracked from the force of the moving car. From those facts, as no other reason appears in evidence why the car left the track, we think the jury were fully authorized in drawing the conclusion that the switch was open which connected the south track upon Thirty-first street with the west track upon Center avenue, and that when the car, which was approaching from the west, struck the switch it did not follow the curve into Center avenue but was projected forward in a straight line, and by reason of the force with which it was moving it left the Thirty-first street track and ran in a south-easterly direction along Thirty-first street until its progress was stopped by coming in contact with said pole and curb, and as it appears that the appellee was lawfully occupying a position in said street in the line followed by the car after it was derailed, and was injured, our conclusion is that the trial court did not err in refusing to take the case from the jury.

It is next contended that the conduct of the attorney for appellee during the progress of the trial was so improper as to require a reversal of the case. While appellee's attorney in some of the remarks made by him during the progress of the trial may have gone further than the orderly trial of a case before a jury will justify, we cannot see that appellant's case was prejudiced thereby before the jury. The jury are presumed to stand neutral between the parties, and when an attorney goes outside of the record or attempts to influence their verdict by side remarks or by a course of conduct which appears to be manifestly unfair, he is much more

likely to prejudice the case of his own client before the jury than that of his opponent.

It is next contended that the court erred in ruling upon questions pertaining to the admission of evidence. The questions raised with reference to the admission of evidence are highly technical in character and in no instance go to the right of recovery or to the merits of the defense sought to be interposed, and were not prejudicial to the appellant.

It is also urged that the court misdirected the jury as to the law on behalf of the appellee, improperly modified certain instructions offered on behalf of the appellant and refused certain instructions which should have been given on its behalf. The court gave six instructions on behalf of the appellee and twenty-five on behalf of the appellant, eleven of which were modified before the same were given to the jury, and refused fourteen instructions offered upon behalf of appellant. It would serve no useful purpose to take up and consider the several objections made to this volume of instructions. Suffice it to say, we have considered them all and what has been said with reference thereto in the briefs of the respective parties. The issues involved were not complicated. The instructions of appellant which were refused either covered the same propositions contained in the refused peremptory instructions, or were covered by instructions which were given or were not correct statements of the law as applied to the case, while the modified instructions appear to have been changed by the court to make them harmonize with the instructions which were given without modification or they were modified in immaterial particulars, and the instruction complained of, given on behalf of appellee, is not subject to the criticism made thereon. We think the jury were fully and fairly instructed as to the law of the case.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*