(No. 18757.—

JEANETTE BUCKLEY *et al.* Admrs. Defendants in Error, *vs.* MANDEL BROS., Plaintiff in Error.

*Opinion filed December 20, 1928—Rehearing denied Feb. 7, 1929.*

ALTHEIMER & MAYER, (A. B. MANION, of counsel,) for plaintiff in error.

JOHN A. BLOOMINGSTON, for defendants in error.

Mr. COMMISSIONER CROW reported this opinion:

Defendants in error, plaintiffs below, brought suit in the circuit court of Cook county to recover damages for the death of Paul E. Buckley, occasioned by a collision between his motorcycle and a truck of plaintiff in error. The declaration, consisting of one count, averred that plaintiffs' intestate on October 18, 1920, was lawfully and properly riding a motorcycle on a public street near the village of Homewood known as the Dixie highway, and while so riding, using all due care and diligence for his own safety, the defendant, by and through its agent and servant in charge of an automobile truck, negligently, wrongfully, carelessly and improperly ran, drove and managed said truck so that it ran into, upon and against the decedent with great force and violence, knocking him down to and upon the highway, and that he thereby sustained injuries and as a result thereof died on October 19, 1920. A plea of the general issue was filed and the cause tried by a jury, which returned a verdict for plaintiffs for $5500. Motions for new trial and in arrest of judgment were overruled and judgment was entered on the verdict. On appeal to the

Appellate Court for the First District the judgment was affirmed. The record comes to this court by *certiorari* for further review.

The sole question presented by the record is one of law. The evidence did not tend to prove the material averment as to the cause of death. Kistner, a motorcycle officer, was following Buckley on the highway before and at the time he was injured and saw the accident when it occurred. The highway at the point of injury runs in a general direction north and south. It has smooth concrete pavement eighteen feet wide, with dirt shoulders three feet in width on each side. The truck of plaintiff in error had been making a delivery at a private residence about three hundred yards from the highway. It was coming away from the residence on a private driveway intersecting the highway at a right angle. Buckley was thirty or forty feet ahead of Kistner. The truck was driven onto the highway from the private driveway and was making a sharp turn south. Buckley swerved to the left and struck the truck about the middle with his motorcycle and was thrown on the east side of the highway into the ditch. Kistner could not say how far the truck was across the highway when Buckley came in contact with it. There was not room for him to pass on the east or the west side of the highway. The truck was then headed southeast. It was moving and at the time of the accident the distance from the left front wheel to the east side of the pavement was about two feet. Buckley struck the truck. To avoid striking it witness went into the ditch with his motorcycle. He did not see the truck until it started to enter the west side of the highway. The front wheels were then just on the concrete. He could not say how far Buckley went from the time he first saw the truck until he collided with it. It was headed southeast when he struck it and he was going south.

George J. Glynn, who was on the truck at the time of the accident, corroborated the testimony of Kistner. He

testified that at the time of the collision there was about two feet of concrete in front of the truck. The truck was moving in second speed about eight miles an hour and had turned south on the highway at a southeasterly slant at the time Buckley hit it on the side. He did not see Buckley before he hit it. When the motorcycle hit the truck Buckley flew into the ditch. The truck came to the highway at a right angle and made a sharp turn out of the driveway southeast, on a slant. The rear wheels were not on the concrete. The running-board or step was smashed. It was a heavy step and was "bent up."

Adam Gilmartin, the driver of the truck, testified that the left fore wheel of the truck was about the center of the highway when he "heard the bump." The rear wheels were on the private driveway. He knew the traffic would be blocked in both directions when he made the turn into the highway. When the truck turned toward Chicago Heights it was moving away from the direction from which the motorcycle was coming. He knew that the road was used by automobiles and that they were going and coming frequently.

One purpose of requiring a declaration is to advise the party charged of the facts upon which the claim is based. Another is to preserve a memorial of the facts upon which judgment is rendered, so that the adversary may not be again required to answer that charge. The facts must be sufficient to bring the right of recovery within some rule of law, statutory or common. If negligence is relied on as ground of recovery, the facts constituting it must be succinctly stated and proved substantially as stated. The elementary rule often repeated is that recovery must be had on the case stated in the declaration. Although it states facts constituting a good cause of action, if not proved the plaintiff must fail. The object and purpose of filing the declaration, as a corollary, forbid recovery if the facts stated are not proved. The right of recovery stated in

this case is that defendant so negligently drove its truck that it ran into, upon and against Buckley, inflicting the fatal injuries. Stripped of epithets and other superfluous verbiage, the charge is that defendant ran into Buckley and killed him. The evidence shows that is not the fact. It shows that defendant's truck was coming into the highway from a private driveway leading to it at a right angle. It shows that the highway was used by the public, and its proximity to the city was notice that someone might be traveling on it at the instant the truck of defendant was coming into it from the private way. A failure to exercise such care in approaching it as a reasonably prudent person would exercise for the safety of others, under the known circumstances, would justify the application to defendant of a charge of negligence. If its truck was approaching the highway and the driver and those in charge of it failed to exercise such care as a reasonably prudent person would exercise under the circumstances and it came in contact with a motorcycle or other vehicle rightfully on the highway, it would be required to respond in damages if the injured person was exercising due or ordinary care for his own safety, and the declaration so averred. The law's standard of care is that of the ordinarily prudent person under the circumstances attending the injury. But whatever the averment, it must be proved substantially as averred. Defendant has a right to know what the charges are in order to properly make his defense and to prevent his being taken by surprise at the trial. (*Feder* v. *Midland Casualty Co.* 316 Ill. 552.) The evidence shows that the truck did not run into or strike the motorcycle of decedent. The truck may have created a condition of peril to decedent and to others rightfully on the highway at the time. Defendant may have been negligent in failing to observe whether travelers on the highway were approaching, and if so, in failing to exercise the degree of care the law imposes, in view of the peril, to guard against injuring

them. That it failed in that respect is the most that can be said of its conduct. What it did or failed to do varied most essentially from what it was charged with having done. The proofs did not support the allegations.

The contention seems to be that because the declaration charged that defendant negligently, wrongfully, carelessly and improperly ran, drove and managed the automobile truck and struck Buckley, it is an unjustifiable refinement of distinction to hold that there can be no recovery if he ran into, upon and against the truck and thereby his death was occasioned. But, as matter of pleading and proof, the distinction is too obvious and well settled to be put aside as a mere refinement. There is no controversy as to the fact that the truck did not strike decedent's motorcycle. There is none as to the fact that the motorcycle struck the truck. A motion was made at the trial to direct a verdict on the ground that the proof did not support the allegation. It was overruled. The point was urged in the Appellate Court. The court said in its opinion that the real question at issue under the pleading is whether the truck was so negligently operated and managed as to result in the accident. The holding overlooks the fact that there was no such general charge of negligence. The charge was specific. If not required to be so proved it is no longer the rule that the proofs must be responsive to the allegations.

When the plaintiff sets out in his declaration the negligent acts of the defendant relied on as a basis for a recovery he must establish those negligent acts, and cannot recover by reason of negligent acts of the defendant not averred in the declaration as a ground of recovery even though the acts proven show the defendant was guilty of negligence which caused the injury. (*Chicago City Railway Co.* v. *Bruley,* 215 Ill. 464; *Chicago and Eastern Illinois Railroad Co.* v. *Driscoll,* 176 id. 330; *Peterson* v. *Sears, Roebuck & Co.* 242 id. 38, and cases cited.) When the variance between the declaration and proof is insisted

on at the trial, so that the plaintiff has the opportunity to amend his declaration, it is error for the court to refuse to direct a verdict if he fails or refuses to amend the declaration. *Wabash Western Railway Co.* v. *Friedman,* 146 Ill. 583; *Lake Shore and Michigan Southern Railway Co.* v. *Ward,* 135 id. 511; *Chicago Union Traction Co.* v. *Hampe,* 228 id. 346; *Republic Iron Co.* v. *Lee,* 227 id. 246; *Wabash Railroad Co.* v. *Billings,* 212 id. 37.

The question of variance was properly raised in the circuit court, but it is argued that when the truck was driven onto the highway from the private driveway its driver did not stop, look and listen for motor vehicles, therefore the judgment is right; that while the charge is of one state of facts, though not proven, the judgment should be sustained. If the declaration had contained averments of facts contended by defendant in error to be the actual facts the question now at bar would not be presented.

It is further contended that the verdict and judgment are right and must be approved because decedent was a motorcycle policeman and had the right of way over other vehicles, (Cahill's Stat. chap. 95a, par. 34,) and because the same statute (par. 25) provides that restrictions as to speed do not apply to police vehicles. But the fallacy of the contention is that there is no charge or averment in the declaration rendering either provision applicable. The variance remains for that reason if there were no other. The declaration avers nothing more than the act of an ordinary speedster on a motorcycle. If in the assertion of his rights on the highway a policeman is injured by a motor vehicle driven by another and he or his legal representatives seek damages, the declaration must state, and the evidence must establish, facts authorizing a recovery and an exemption from the rule of negligence. Recovery cannot be had merely because the evidence shows he is a policeman. But if Buckley was a policeman the question of right

of way is not involved. The obstruction was visible. The statute cannot be so unreasonably construed as to exempt a motorcycle policeman from the consequences of rashness in running into a visible obstruction that will cause his death if he runs into it. The other rider observed the commonsense rule and escaped injury.

It follows that the circuit court erred in refusing to direct a verdict and the Appellate Court erred in affirming the judgment of the circuit court. The judgment of the Appellate Court is therefore reversed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Crow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment reversed.*