### O. E. George, Appellee, v. Citizens National Bank, Appellant.

Opinion filed May 29, 1933.

GREEN & VERLIE, for appellant; KARL KING HOAGLAND, of counsel.

John F. McGinnis, for appellee.

Mr. Justice Edwards delivered the opinion of the court.

Appellee, O. E. George, sued for and recovered a judgment in the sum of $290.50, against appellant, Citizens National Bank of Alton, for injuries claimed to have been sustained to the thumb of his right hand, by the closing of a metallic door or gate in the grill-work in front of the door to the safety deposit vault of appellant.

The declaration consisted of two counts. The first charged that appellant, by its servant, so negligently operated the door, that the injury complained of, was occasioned. In the second count it was averred that the gate was not easily worked; that appellant did not provide a competent person to operate it; that appellee was obliged to open and close it himself, and that the gate or door, owing to its mechanical construction, did slam upon and crush the hand of appellee. To the declaration there was pleaded the general issue.

There were but two witnesses to the occurrence, appellee and Miss Lucille Young, an employee of appellant. The latter testified that as the former approached the grill door to leave, she opened the gate; that he passed through, turned about, faced the vault, placed his left hand upon the outside knob, his right hand half way up on the hinged side of the gate, between the door and the jamb, and that he remained in this position for some five minutes, conversing with the witness; that he then pulled the gate to, mashing the thumb of his right hand, which in the meantime had remained in between the jamb and the hinged side of the door.

Appellee stated that as he was leaving, Miss Young opened the door for him, and that as he passed through, the gate closed upon him, before he was clear

of it, the bottom part striking his ankles; whereupon he turned around to the left, with his right hand and arm extended, to stop the door; that his thumb slipped into the opening between the door and jamb on the hinged side; that the door continued to close, and his thumb was crushed.

A witness for appellant, S. M. Haw, testified that some time after the accident, he conversed with appellee, concerning same, and that the latter stated to him that after he got his lock box and put it back, he started to leave; that he stopped, after he had gone through the door, and talked to a young lady at the desk; after which he started to close the door, with his left hand on the knob, and that, as he pushed it, he put his hand to the sill of the door, and caught his thumb. In addition, there was undisputed testimony that the gate was perfectly hung and balanced, and would not close automatically; that when open, it could only be shut by the application of external force.

To sustain the first count of the declaration, it was necessary for appellee to prove that the closing of the door was due to its negligent operation, by the servant of appellant. The proof bearing upon the question is that Miss Young opened the gate. There is, however, no evidence that she thereafter touched it; even appellee does not so testify. In fact, he stated that he did not see anyone swing the door to, as he passed through. The only evidence of its being touched by anyone is the word of Miss Young that appellee, after passing through, then turned and conversed with her, took hold of the gate and closed it upon his thumb, together with the admission of appellee to Haw that he took hold of the door and shut it. It is thus apparent that the servant of appellant had no part in the closing of the gate, which was the act proximately causing the injury; hence it seems manifest that this material allegation of the first count was unproved, and being so,

no recovery could be had under it. *Ebsery v. Chicago City Ry. Co.*, 164 Ill. 518; *Buckley v. Mandel Bros.*, 333 Ill. 368.

The charge in the second count was "that said gate or door, owing to its mechanical construction, did slam on and crush the hand of the said plaintiff, and a certain finger thereof."

The proof is that the gate was perfectly balanced, and would only move through the application of external force. The record is devoid of any evidence that the construction of the door was such that it was dangerous to persons using same. Miss Young testified that the door could not swing by its own action, and appellee stated it was impossible for the gate to shut of its own accord; furthermore, that he knew of no mechanical device thereon that would cause it to slam, and that the only way for the gate to close was for some one to shut it.

This seems to establish beyond question that the door was closed by some agency independent of itself, and that it did not shut because of its mechanical construction, as alleged in the second count. There is no proof whatsoever to sustain the charge of such count, and the verdict cannot rest upon it. *Chicago City Ry. Co. v. Bruley*, 215 Ill. 464.

For which reasons the judgment is reversed.

*Judgment reversed.*

Finding of fact: We find that the appellant has not been proven guilty of the negligence charged in either count of the declaration.